# CHARLESTON.

Fields *et al.* v. West.

Submitted October 15, 1918.    Decided November 15, 1918.

1. Executors and Administrators—*Charge of Realty—Estoppel—Accounting.*

    Though an administrator is not required nor authorized by law to take charge of the real estate of his decedent, yet if he assumes the right and actually collects and disburses the rents and profits thereof, he will thereby be estopped from denying the fiduciary character assumed and be bound in equity to account to those entitled thereto for the money collected and for the acts of his agent in relation thereto. (p. 131).

2. Same—*Disbursements—Burden of Proof.*

    And in such settlement the burden of proof will be upon such administrator to show by legal and competent evidence the correctness of all disbursements by him or his agent, without which he should not be credited therewith. (p. 132).

3. Same—*Suit to Surcharge Settlement—Presumption and Burden of Proof.*

    Where an administrator has settled his fiduciary accounts regularly before a commissioner of accounts and such settlements have been confirmed by the county court, such settlements are prima facie evidence of the correctness thereof in a suit to surcharge and falsify such settlements, and the burden is upon plaintiff to show error therein. (p. 133).

Appeal from Circuit Court, Morgan County.

Bill by George C. Fields and others against P. R. Lawyer, administrator, etc. From the decree, plaintiffs appeal.

*Reversed and remanded.*

*A. C. McIntire* and *G. McIntire Weaver*, for appellants.
*J. Hammond Siler*, for appellee.

MILLER, JUDGE:

Charging certain specific errors and omissions in the appraisement of the estate of Barbara Fields, their mother, and in the original and supplemental ex parte settlements of accounts of West, administrator, plaintiffs, an adult and an infant son of decedent, by their bill sought correction of said errors and omissions and a decree against West for whatever might be found due them on a corrected settlement of his accounts. There was also a prayer for general relief.

The defendant Henry F. Fields, the only other son and heir at law of deceased, answered, acknowledging settlement by said West with him and disclaiming any further interest in said estate. West did not answer, and as to him the bill regularly filed and matured at rules was taken for confessed. At this stage of the pleadings the cause was referred to a commissioner in chancery with directions, before whom West appeared, was examined as a witness, and other testimony was taken by and before the commissioner, whereon and upon the pleadings filed he made up and filed his report, showing a balance due the estate in the hands of West, as of June 2, 1915, of $566.35 instead of $67.42 shown by the original ex-parte settlement, and of $99.52 appearing by the supplemental settlement of said administrator, the difference between the final balance struck in this report and that shown in the ex-parte settlements being due mainly to the fact that said commissioner, in addition to sums collected and previously charged against him, charged said administrator with the sum of $1,212.16 which he acknowledged he had collected through an agent for rents on the house and lot belonging to decedent's estate, in Connellsville, Pennsylvania, up to June 2, 1915, and giving him credit for two items, one of $620.17, the other of $100.00, deducted by said agent for repairs etc. claimed to have been disbursed by him, but for which no vouchers were produced.

The administrator by whom the bill taken for confessed

remained unanswered filed no exceptions to the commission-
er's report. Plaintiff did except thereto, on several grounds:
*First,* because the administrator was allowed the credit of
$620.17, deducted by his agent from rents collected, with-
out vouchers produced or necessity shown for such disburse-
ment; *Second,* because he was allowed $100.00 deducted from
rents collected by said agent for putting on a tin roof, with-
out showing vouchers of receipts for such expenditure;
*Third,* because said administrator was allowed credit for $1,-
373.30, the gross amount of credits shown in his said ex-parte
settlements, without authority or legal evidence other than
said ex-parte settlements, prima facie evidence thereof;
*Fourth,* because said administrator was not charged with
rents collected or that should have been collected on said
Connellsville property from November 8, 1908, the date of
the death of said Barbara Fields, to March 4, 1916, seven
years and four months, as shown by the evidence, aggregat-
ing $1,760.00, instead of the gross sum of $1,212.16 with
which he was charged by said commissioner; *Fifth,* because
said administrator was not also charged with $285.90, the
total appraised value of the personal estate, instead of
$150.00, the amount for which he claimed to have subse-
quently sold it, after allowing it to be used by other persons
without rent or compensation; *Sixth,* because said adminis-
trator was not charged back with $31.67 and $17.11 credited
on his original settlement as paid C. T. Coberly.

On final hearing, January 4, 1917, on this record, the
court in the absence of answer or exceptions by him to the
report of the commissioner, was of opinion and so decreed
that said West was not required as such administrator to
state an account of the rents and profits from said real es-
tate as they were properly chargeable to him as guardian for
plaintiffs; and was also of opinion to and did decree that all
of plaintiffs' exceptions to said commissioner's report, ex-
cept the fifth, relating to the item of $255.90, the appraised
value of the personal property, should be overruled, and as
to said fifth exception adjudged that said administrator was
chargeable with $85.90, the difference between the ap-
praised value and the price at which he sold the said per-

sonal estate, with interest thereon from March 11, 1911, the date of his settlement with the County Court, in addition to what he was charged with in said settlement. Plaintiffs were also decreed costs against said administrator, but no decree was given in their favor for any balance found due them by the commissioner. All that the decree further provided was that as nothing further remained to be done in the cause, it was ordered to be left off the docket.

On this appeal appellants complain that the court below did not in addition to the fifth, sustain all of their other exceptions to the commissioner's report. And as additional errors in the decree they complain; *first,* that commissions on $1,440.72, namely $72.03, were improperly allowed the administrator in his original ex-parte settlement, because said settlement was not made in time; *second,* that he was also improperly allowed expenses of his second or supplemental settlement, because unnecessary, and induced by his misconduct in not properly administering said estate; *third,* that said administrator was not charged with rent on the household goods, the use of which was long given to said E. F. Coberly, without right or authority, and which it is claimed constituted a devastavit; *fourth,* that it was error to allow the administrator a trunk at the appraised value thereof, $50.00; *fifth,* that the court did not charge the administrator with the value of certain articles of personal property belonging to decedent which he allowed to be taken away by others or were converted to his own use; *sixth,* that the court decreed the defendant West was not required to account as administrator, but as guardian, the record not showing the relationship of guardian and wards between him and the plaintiffs, but showing on the contrary dealings of said West with said real estate as administrator and not as guardian; *seventh,* that it was error to order the cause left off the docket without granting the relief prayed for.

The principal question presented by the record, and by plaintiffs' first, second and fourth exceptions to the commissioner's report is, was the defendant properly chargeable as administrator with the rents and profits of the Connellsville property? The bill, taken for confessed, charges him with

having dealt with that property as administrator; the commissioner in his report unexcepted to by West so reported, and charged him as administrator with the rents and profits collected and gave him credit for disbursements thereof made through his agent. West in his evidence given before the commissioner tacitly admits his dealings with said real estate as administrator, and nowhere claims or suggests the relationship of guardian and wards. Upon what theory then could the court below have justified its findings and decree that West should not be required to account as administrator? It is true an administrator as such is not required or authorized by law here or in Pennsylvania to take charge of real estate which on the death of an ancestor descends directly to his heirs; but if he assumes to do so and actually does collect the rents and profits or employs an agent to do so, he is estopped to deny the fiduciary character assumed and is bound in equity to account with those entitled to the moneys collected and for the acts of his agent in relation thereto. *Campbell* v. *O'Neill,* 69 W. Va. 459, 470, point 7 of the syllabus; *Dunn* v. *Renick,* 33 W. Va. 476; *Hooper* v. *Hooper,* 29 W. Va. 276; *Mosby's Admr.* v. *Mosby's Admr.,* 9 Gratt. 548; *Davis & Wife* v. *Hughes,* 86 Va. 909; *Roberts* v. *Breckenridge,* 98 Va. 569; 18 Cyc. 306, 307; 11 Amer. & Eng. Ency. Law, 1208, 1209; 2 Woerner's American Law of Administration, (2nd ed.), Sec. 513, pp. 1242, 1243.

We think it quite clear therefore that the court below erred in holding that West was not liable to account to plaintiffs in the capacity in which he undertook to collect these rents and profits and in denying them relief therefor. Whether in such settlement he should be credited with the item of $620.17, covered by the first exception to the commissioner's report will depend upon proof of the correctness thereof. The burden of proof is upon him and without evidence of actual and proper expenditure of the money by him or his agent and proper vouchers shown he should not receive credit therefor or any part thereof, and the bare fact that his agent deducted such sum from the moneys collected will not constitute legal evidence of such disbursement. And what we have said with reference to this item applies

with equal force to the item of $100.00 covered by plaintiffs' second exception.

Regarding the third exception, relating to the item of $1,-373.30, the total amount with which West was credited for disbursements shown in his ex-parte settlements, the reports of the commissioner before whom those settlements were made show that vouchers therefor were produced before him. In such cases the law is that in a suit to surcharge and falsify such settlements after confirmation thereof by the county court, they shall be deemed prima facie correct, and the burden is upon plaintiffs to establish by proof the error therein. Sec. 22, Ch. 87, Code: *Campbell's Admr.* v. *White,* 14 W. Va. 122; *Seabright* v. *Seabright,* 28 W. Va. 412; *Leach* v. *Buckner,* 19 W .Va. 36; *Dearing* v. *Selvey,* 50 W. Va. 4; *Roush* v. *Griffith,* 65 W. Va. 752, 758. And what has just been said respecting the third is applicable also to the sixth exception. The burden of showing that the items referred to should be charged back was upon plaintiffs.

In regard to the fourth exception, if it be true as the evidence tends to show that the Connellsville property was rented from November 8, 1908, to March 4, 1916, at the rate of $20.00 per month, or afterwards at any rate, and up to the final settlement before the commissioner, West should be charged with the whole amount collected by him or his agent or that should have been collected, and not merely with the sum or sums reported to have been collected. As to this however, the evidence is not clear and convincing. The facts should have been better developed.

It remains to dispose of the additional points of error relied on for the first time on this appeal. Respecting the first we think it is without merit. The reports of the commissioner of accounts show in each instance that West did within the time required by section 7, chapter 87 of the Code, lay before him statements of his receipts, for each year covered by said settlements. He was therefore entitled to commissions thereon in so far at least as the question of time is concerned.

The second point we also think is not well directed. Respecting the third, regarding rent on the household goods

loaned Coberly, the evidence is quite unsatisfactory. The evidence tends to some extent to show justification for this because of an alleged arrangement with Coberly to keep and care for the plaintiffs while infants, after their mother's death. There is no evidence of the rental value of the property, if any.

As to the fourth point, relating to the trunk and contents which was taken by the administrator at the appraised value of $50.00, there is nothing in the record to overcome the presumption that the appraised value was correct.

As to the fifth point, the evidence tends to show misappropriation of certain articles of personal property, such as chairs, table linen, silverware, lace curtains, gold watches, etc. The watch West claims he gave to one of the boys. But there is no evidence of the value of any of this property, and the commissioner could not have made any finding as to value and what amount if anything should have been charged to the administrator therefor.

The disposition made of the other points sufficiently dispose of the sixth and seventh points. Whether West should account to plaintiffs for all rents and profits of the real estate depends on the facts. The facts have not been sufficiently developed to enable us to reach a proper conclusion. We have concluded therefore to reverse the decree and to remand the cause for proper settlement with West as herein indicated and for final decree according to the principles applicable in such cases.

*Reversed and remanded.*