# CHARLESTON.

MARGUERITE COAL COMPANY *et als. v.* THE MEADOW RIVER
LUMBER COMPANY *et al.*

(No. 5346.)

Submitted February 24, 1925.    Decided April 14, 1925.

1.  COURTS—JUDGMENT—*"Res Adjudicata" and "Stare Decisis"
    Distinguished.*

    Res adjudicata binds parties and privies; while stare de-
    cisis governs the decision of the same question in the same
    way in an action between strangers to the record.  (p. 702.)

    (Courts, 15 C. J. § 304; Judgment, 34 C. J. § 1391.)

2.  SAME—*After Decision of Question, Relying on Which Parties*
    *Have Transacted Important Affairs Which Would be Ser-
    iously Affected by Change of Rule, Former Decision Will
    be Adhered to.*

    Where a question has been decided by this Court, and
    parties relying on the decision, have transacted important
    affairs which would be seriously affected by a change of rule
    announced in said decision, this Court will adhere to it in
    subsequent cases, however it might be inclined to hold if
    the question were *res integra.*  (p. 703).

    (Courts, 15 C. J. § 342.)

3.  SYLLABI IN PRIOR CASE APPROVED AND APPLIED.

    Points 1, 2, 3, 4 and 5 of the syllabus in *Sun Lumber Com-
    pany* v. *Nelson Fuel Company et al.,* 88 W. Va. 61, approved
    and applied.  (p. 703).

    HATCHER, JUDGE, absent.

    (Courts, 15 C. J. § 342.)

    (NOTE:—Parenthetical references by Editors.  C. J.—Cyc.  Not part
    of syllabi.)

Appeal from Circuit Court, Greenbrier County.

Suit by the Marguerite Coal Company and others against
the Meadow River Lumber Company and others.  From a
decree for defendants, plaintiffs appeal.

*Affirmed.*

*C. M. Ward, S. M. Austin,* and *Sanders, Crockett, Fox &
Sanders,* for appellants.

*Charles S. Dice* and *Harold A. Ritz,* for appellee.

WOODS, JUDGE:

This suit was instituted for the purpose of enjoining the defendant, Meadow River Lumber Company, from cutting and removing the timber from a certain tract of land situated in Greenbrier County, known as the C. L. McClung land, it being the contention of the plaintiffs that they are entitled to have partition of said timber before any of the same is cut from said land, on account of an alleged undivided interest claimed by them therein. The subject matter of this litigation was before this Court in the case of *Sun Lumber Company* v. *Nelson Fuel Company et al.,* decided February 22, 1921, and reported in 88 W. Va. 61. We deem it unnecessary to re-state all the facts so well and clearly stated in that opinion. We adopt them in their entirety, and will add only such additional facts as are necessary to a decision of the questions to be determined here.

As in the former case, so again in this, an interpretation of the reservation in the mineral deeds of C. L. McClung to the Gauley Coal Land Association, trustees, in 1890; the effect of the deed of said McClung to Amanda Shawver, in 1897; and the deed of said McClung to J. O. and L. E. McClung, for the timber on said land, in 1909, are sought. Since the determination of the former suit the Sun Lumber Company conveyed the timber, under the aforesaid timber deed, to the Meadow River Lumber Company, defendant here, who is now the successor to all the rights of the said J. O. and L. E. McClung under said deed. This sale was made, as appears from the answer of the defendant, in reliance upon the decision in the suit above referred to. Soon after this defendant acquired said timber it made preparations to cut and remove the same from said land, and the present suit was then instituted for the purpose already stated. The title acquired by the said Gauley Coal Land Association, trustees, to the minerals under the said mineral deeds passed by sundry mesne conveyances and is now vested in the Gauley Coal Land Company, a corporation. This company has divided this land, along with other lands owned by it, into tracts for the purpose of leasing the same for the mining of coal, and among the lessees are the

Marguerite Coal Company, Francis Coal Company, Imperial Smokeless Coal Company, plaintiffs in this suit. The Nelson Fuel Company, defendant in the former litigation, is a defendant here. In these leases executed by the said Gauley Coal Land Company, its lessees were given all of the mining rights possessed by it under said mineral deeds. These lessee coal companies are now claiming the right to cut all of the timber on said lands for mining purposes, making the further claim that it will eventually require all of said timber in the mining of said coal. The lessee plaintiffs maintain that under the grant to them 'to use so much of the timber and stone on said land as might be required for the mining and removal of said minerals'' that, if there was not conveyed to them any of the body of said timber, the grantor burdened the surface estate, which he retained with these rights which he granted to the mineral estate. That this grant is an incorporeal hereditament attached to and in favor of said mineral estate so granted and cannot be separated from it. That it is an easement appurtenant thereto. That equity will protect, by injunction, the threatened destruction or impairment of the use of this easement. Citing: *Hagan Co., Inc.* v. *Norton Coal Company*, 119 S. E. (Va.) 153. In that case the coal company having the privilege of ''using timber and stone as may be necessary for its mining purposes,'' sought an injunction to keep the owner of the land from selling the surface to prevent disturbance of an existing easement. In all the cases cited in their brief the point in issue is the protection of an easement.

Outside of the plaintiff Margaret N. Laing, the appellee claims that as lessees of the Gauley Coal Land Company, the other plaintiffs are concluded by the said former adjudication. It appears that in the former suit the Nelson Fuel Company filed an answer in the nature of a cross-bill asking that the children and grandchildren of C. L. McClung and Amanda Shawver and the Gauley Coal Land Company be made parties defendant, and process directed to be issued. It appears that the said company appeared by counsel at the submission of the case in this Court, and filed a brief in conjunction with the Nelson Fuel Company. Following the final decree the Gauley Coal Land Company, by counsel, along with the Nelson

Fuel Company, moved the Court to modify and amend the decree, to the extent that the title to the timber be limited to the size on the date of the said timber deed. This relief was granted. The other plaintiff, Margaret N. Laing, claims under a deed dated March 29, 1924, from the Nelson Fuel Company, which attempted to convey to her the rights to it conveyed by Piney McClung and Ollie McClung Price, children of C. L. McClung. By this conveyance she claims a two-seventeenths interest in the timber. Whatever interest that Piney McClung and Ollie McClung Price attempted to convey, they received under the Amanda Shawver deed, the validity of which was determined in the former suit. It will be seen that whatever title she may have to the said timber, was obtained from the Nelson Fuel Company, who was a party defendant in the former suit. The Gauley Coal Land Company also claims a one-seventeenth interest in said timber obtained from a conveyance from Charles E. McClung, another child of C. L. McClung, whose interest is likewise dependent for its existence upon the effect given to the Amanda Shawver deed. The right of the Gauley Coal Land Company to have this one-seventeenth undivided interest in said timber allotted to it by partition is asserted by the plaintiffs in this suit. In view of this state of facts the appellee contends that the Amanda Shawver deed having been determined in the former suit to be only effective as an executory contract to convey a life estate, and as conveying no interest to the children or nephews and nieces of C. L. McClung, that Margaret N. Laing and the Gauley Coal Land Company and its lessees, plaintiffs here, have no interest under said deed. It further contends that the title now relied upon by Margaret N. Laing was in the Nelson Fuel Company at the time of the adjudication in the former suit, and the validity of that title was there involved, by the Nelson Fuel Company, and Margaret N. Laing, its successor, was in privity with it and bound by that adjudication. *Gerber* v. *Thompson,* 84 W. Va. 721. The Supreme Court of Virginia, in *Steinman* v. *Clinchfield Coal Co.,* 121 Va. 611, states the rule: "One who has succeeded to the right, title or interest of another in real estate is a privy in estate, and is bound by judgments and decrees against his grantor. The judgment disposes of the

rights of the parties and is a matter of public record. Its effect cannot be impaired by any subsequent transfer by the defendant. This must of necessity be true. There would be no end of litigation if the effect of a judgment or decree could be avoided by a simple transfer of the property by the unsuccessful litigant as soon as an adverse judgment or decree was rendered. Decrees are rendered every day construing contracts, deeds, wills and other documents, and such decrees bind not only the parties to the litigation, but all persons claiming under them, with or without notice of the decree. The privies can stand on no higher footing than their principals.''

Both the doctrine of res adjudicata and stare decisis are invoked in this suit, by the appellee. Res adjudicata binds parties and privies, while stare decisis governs the decision of the same question in the same way in actions between strangers to the record. The doctrine of res adjudicata, or estoppel by judgment, as it is sometimes less accurately termed, is a rule of law founded on the soundest consideration of public policy. It means that. if an action be brought, and the merits of the questions be discussed between the parties, and a final judgment be obtained by either party, the parties are concluded and cannot again canvass the same question in another action. It is founded upon two maxims of the law, one of which is that ''a man should not be twice vexed for the same cause,'' the other that ''it is for the public good that there be an end of litigation.'' *Wisconsin* v. *Torinus,* 28 Minn. 175. However, in order to make a matter res adjudicata there must be a concurrence of four conditions, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. Bouvier's Law Dictionary. The relationship of the present to the former litigation tested by this rule shows that three of the four conditions substantially obtain; the doubtful one being that of the ''identity of persons, and of parties to the action.'' From what we have already said the doctrine would apply to the rights asserted herein by the plaintiff Margaret Laing, she having received such rights as she here

asserts from the Nelson Fuel Company. This company was a party defendant in the former litigation, and is concluded thereby. Would the other plaintiffs, as lessees of the Gauley Coal Land Company be likewise concluded? This would depend upon whether it can be said that the Gauley Coal Land Company was a party thereto. Its activities in the former litigation have been adverted to. If its attitude in that litigation was not sufficient to make it a party there, would it not amount to an estoppel in pais? If not a party, would the doctrine of stare decisis apply? This rule, stated in simple form and considered in its relation to private affairs, is really nothing more than the application of the doctrine of estoppel to court decisions. *Oliver* v. *Louisville Realty Co.*, 156 Ky. 628. If judicial decisions were to be lightly disregarded, we should disturb and unsettle the great land marks of property. When a rule of law has once been deliberately adopted and declared, it ought not to be disturbed, unless by a court of appeal and review, and never by the same court except for very cogent reasons and upon a clear manifestation of error. *Clarke* v. *Figgins*, 27 W. Va. at page 671; Kent's Com., Vol. 1, p. 475. Is this doctrine applicable here? Summarizing, the Nelson Fuel Company, in conjunction with the Gauley Coal Land Company, defended the former suit by asserting a right to all the timber under their mineral deeds. They secured a decision from this Court on the questions raised by this defense. There the Sun Lumber Company, predecessor in title of the Meadow River Lumber Company, defendant here, contended that the reservation in the said mineral deeds conferred only a license to use so much of the timber as was necessary for the mining and removal of the coal, and that the sale of the timber by C. L. McClung, in 1909, amounted to a complete revocation of this license. The Nelson Fuel Company, and the Gauley Coal Land Company, took the position that the grant conveyed all the timber. This Court in that case adopted the middle ground, holding that under the mineral deeds the grantees had a license coupled with an interest, to be enjoyed by the licensee so long as his interest in the subject matter continues. And construing the timber deed, under which the Sun Lumber Company held, and whose predecessor in title is the Meadow

River Lumber Company, defendant in the present suit, this court there held that the grantee under said deed and its successors in title were entitled to remove from said land such timber as was twelve inches in diameter and up at the time of the grant by McClung, in 1909. The lessees of said Gauley Coal Land Company are here in the present case again asserting their rights to all the timber by virtue of the reservation in the same mineral deeds, or at least seeking an injunction perpetually prohibiting the Meadow River Lumber Company, now the owner of the timber of twelve inches and more in diameter, as aforesaid, from going on the land to remove said timber under their said deed. In addition to this they set up a right of partition of said timber under a claim of a one-seventeenth undivided interest in the timber conveyed to it by a son of C. L. McClung, deceased, whose only possible interest in the timber could accrue to him under the Amanda Shawver deed. Margaret N. Laing, a co-plaintiff, with the lessees of said corporation, also seeks partition alone of a two-seventeenths interest in the timber, which she obtained through the Nelson Fuel Company, which in turn secured whatever interest it may assert, from two of C. L. McClung's children, who likewise have only such interest in said timber as they have under said Amanda Shawver deed. It will be seen that the lessees of the said Gauley Coal Land Company, as plaintiffs, aside from the prayer for partition of the aforesaid one-seventeenth undivided interest in the timber for said company, are practically asserting the same right under the mineral deeds asserted by it (Gauley Coal Land Company) in conjunction with the Nelson Fuel Company in the former suit. In addition to this, these lessee plaintiffs seek to put in issue again the effect of the said Amanda Shawver deed. These plaintiffs strenuously deny that they are bound by the rule of res adjudicata as to these matters. Whether they would come within the strict rule of this doctrine may be doubtful. Is it equitable, however, to permit the plaintiffs in view of the position taken by their predecessor in title in the former suit, to press such claims as they now assert? But they contend, there has never been any legal adjudication of the Amanda Shawver deed. This declaration is made in the face of the fact that the circuit

court construed this deed to be merely an executory contract to convey a life-estate—no interest thereby going to the children. This Court affirmed that holding. So, whether the strict rule of res adjudicata obtains in regard to the effect of this writing, it is incredible that any of these plaintiffs, or their predecessors in title, took a conveyance from these children without a full knowledge of the holding of this Court in the former suit as to the effect of this unintelligible paper. In *Paulson* v. *City of Portland,* 16 Ore. 450, the court held that where a question has been decided by the court, and parties, relying on the decision, have transacted important affairs which would be seriously affected by a change of the rule, the same court will adhere to it in subsequent cases, however it might be inclined to hold if the question were *res integra.* To the same effect, *Thomas* v. *Greenwood,* 6 Ohio Decisions, 639. If the rule of stare decisis is applicable under any circumstances, we think it should certainly be applied in this case. It is important that litigation should end. The parties here are in a court of equity. In view of all the facts and circumstances of this case can it be contended for an instant that equity requires a readjustment of principles involving the issues determined in the former litigation? Men and corporations have invested their money on the faith of the correctness and stability of the principles announced in the former case. The plaintiffs here, through their predecessor in title, were heard in behalf of their claims in that litigation. Justice and good conscience unite in refusing to open the door to further controversy as to the matters there adjudicated. We, therefore, re-affirm the holding of this court in the former suit, as to the effect of the Amanda Shawver deed, the mineral deeds, and the lumber deed, and adopt the syllabi in that case as the law applying here. The decree of the court below is affirmed.

*Affirmed.*