# Staunton.

## W. T. Choate v. Sallie Calhoun, et als.

September 19, 1929.

Absent, Campbell and West, JJ.

The opinion states the case.

*Buchanan & Buchanan*, for the plaintiff in error.

*Geo. F. Cook*, for the defendants in error.

CHICHESTER, J., delivered the opinion of the court.

In the year 1921 W. T. Choate filed in the Circuit Court of Smyth county a petition against Sallie Calhoun, Walter Calhoun, Emory Calhoun, Ollie Calhoun, Ida Dutton, Laura Calhoun, William Calhoun, Hampton Calhoun, Ellis Calhoun, Dewey Calhoun and Ted Calhoun. The petition was filed under section 5490 of the Code, which enables parties owning adjoining lands to have the true boundaries between them established, without the necessity for trying an action in ejectment, and the object of this petition was to establish the true boundary line between certain lands described in the petition belonging to the petitioner on the one hand and the defendants on the other.

The defendants filed their grounds of defense in writing, and after the case had been heard, they demurred to the evidence of the plaintiff. The jury rendered a verdict, subject to the action of the circuit court on the demurrer, establishing the boundary line as claimed by the plaintiff. On November 20, 1922, the court sustained the demurrer and dismissed the plaintiff's petition. Motion was made to set aside the judgment and refused.

On October 3, 1927, W. T. Choate again filed a petition against Sallie Calhoun and the other defendants heretofore named, praying for the establishment of the same boundary line, the parties and the subject matter being identically the same as in the former proceedings. Defendants filed a plea of *res adjudicata* setting up the former judgment, averring

identity of parties and subject matter. Upon a demurrer being entered to this plea the court overruled the demurrer, sustained the plea and dismissed the plaintiff's petition.

The only issue before this court upon the present proceedings is as to the action of the court in overruling the demurrer, sustaining the plea and dismissing the plaintiff's petition.

It is contended by the petitioner that section 5490 of the Code of 1919 is to enable parties owning adjoining lands to have determined for them in the manner provided in the section the true boundary line between them. The statute provides that the "parties shall be deemed to be at issue upon the question of the true boundary line or lines of such estates." It is contended that as the order dismissing the plaintiff's petition in the first action did not fix the true boundary line, the question of the boundary line has never been determined between the parties and that the cause should be heard again without regard to the judgment in the first case.

The record discloses that the ground upon which the court dismissed the petition in the first case was because no evidence was introduced by the petitioner to establish any line between the parties.

We are of opinion that the order entered by the trial court in the second trial sustaining the plea of *res adjudicata* and dismissing the petition of the plaintiff was without error.

There is little or no difference except as to procedure between an action in ejectment and a proceeding under section 5490 of the Code, and there is nothing in the act which would suggest that the legislature intended to give parties litigating their rights under the statute any advantage over the parties who had proceeded by ejectment.

■ The general rules with reference to the plea of *res adjudicata* apply, we think, as well to cases under the Code (section 5490) as to all other cases where the same parties have litigated the same subject matter. When final adjudication has been reached in a case of this kind that is an end of it.

■ It is said in 15 R. C. L. page 962, sections 438 and 439: "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive in the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered."

See also *Gallagher, et al v. City of Moundsville*, 34 W. Va. 720, 12 S. E. 859, 26 Am. St. Rep. 942; *Dillard* v. *Dillard, et als*, 97 Va. 434, 34 S. E. 60; *Ivey* v. *Lewis*, 133 Va. 145, 112 S. E. 712; *Blevins* v. *Lovelace's Exor.*, 142 Va. 493, 129 S. E. 247.

In *Bradshaw* v. *Booth*, 129 Va. 19, 105 S. E. 555, 561, the court held, in a proceeding under section 5490 of the Code to determine boundaries: "The same principles are inevitably involved as are involved on the same subject in actions of ejectment. Where the plaintiff to recover relies on title to land up to a certain location of its boundary on the ground, although the defendant may in general terms admit in the pleadings that the plaintiff has title to some land claimed by the latter, yet when the defendant denies that the plaintiff's title extends to such location, the plaintiff is inescapably put to his proof of such a title by evidence of title which the defendant cannot be heard to dis-

pute; and such evidence must trace the title either from the Commonwealth or other common grantor."

We are of opinion, therefore, to affirm the decision of the circuit court and to dismiss the proceedings at the cost of plaintiff.

*Affirmed.*