MARGARET CRAWFORD, *Executrix, Etc.*, v. MARGARET CRAWFORD *et al.*, ANNIE PRENDERGAST, *Exrx., Appellant*

(No. 6967)

Submitted September 9, 1931.   Decided September 15, 1931.

*James T. Miller*, for appellant.

*Martin Brown, McCamic & Clarke* and *Jay T. McCamic*, for appellees.

Woods, Judge:

This appeal is taken by Annie Prendergast, executrix and devisee under the will of Margaret Crawford, deceased, from a decree pronounced by the circuit court of Marshall county, in three consolidated causes involving the estate of J. G. Crawford, deceased.

J. G. Crawford died testate in the year 1917 seized of a large real and personal estate but heavily indebted. Prior to 1897 he, together with a brother and two sisters (one now Elizabeth McConaughey), had conducted a partnership under the style of Crawford Bros. & Company. This partnership was engaged in running a general merchandise business, buying wool, wheat and grain; conducted a tailor shop; took leases for oil and gas; bought royalties; took coal options; purchased real property; built buildings; repaired buildings; paid taxes; made improvements upon properties; and all of the same were paid for out of funds of the partnership. The partners lived in the father's house as one family. Each contributed services, but received no wages. The title was generally taken in the name of John G. Crawford. From a

deed, bearing date May 14, 1897, between Lizzie Crawford (now McConaughey) of the first part and John G. Crawford and Robert E. Crawford of the second part, under which Elizabeth McConaughey conveys away all her interest in certain properties, appears a recital: "Whereas, A partnership has heretofore existed between the parties to this deed, which partnership has been dissolved by mutual consent of the said parties." But, so far as the present record discloses, no accounting was ever had between the parties in respect to the partnership properties. After the above deed, it appears that John G. Crawford bought and sold many properties.

By his will, Crawford devised to his wife, Margaret, a parcel of land in the town of Cameron, certain oil and gas interests, all his household and kitchen furniture and "fiifty-one hundredths" part of all the remainder of his estate, and to his niece and nephew, the residue.

Margaret Crawford, as the duly qualified executrix of her husband's estate, brought a statutory suit in 1918 to make assets to pay debts. The matter was referred to a commissioner in chancery. Debts owing the estate were subsequently adjudicated, the real estate of which Crawford died seized ascertained, and sale ordered. The special commissioner's report, which was confirmed by decree of October 4, 1922, showed sales aggregating $78,601.00. Before deeds were prepared, Elizabeth McConaughey instituted an action in ejectment for a parcel of real estate, known as the livery stable lot. A judgment in her favor was affirmed by this Court. *McConaughey* v. *Holt, et al.*, 102 W. Va. 290.

Margaret Crawford had filed a partial account before the commissioner in chancery in February, 1922, in which she claimed a credit for $850.00 for rental of the household and kitchen furniture devised to her, for thirty-four months. The hotel building, in which the furniture was located, was rented by her at $50.00 per month and the furniture at $25.00 per month, with all of which she charged herself in her account, and was used by her in paying debts owing by the estate. The credit was not allowed, on the ground that the bequest of the furniture was subject to the payment of debts owing by the testator, and that any rentals received for the

furniture pending settlement of the estate should be applied to payment of debts. While an exception had been taken, the chancellor left the question open until it should be ascertained whether there was sufficient other property to pay the indebtedness in full. In her supplemental settlement of February 12, 1927, this claim was renewed, the rental being extended to the commencement of the ejectment suit, making a total of 41½ months, or $1,037.50. Prior to this latter settlement, two other suits or proceedings were instituted by Elizabeth McConaughey, namely, in 1925, she filed her bill of complaint against Margaret Crawford, executrix, et al., wherein she alleged there was an unsettled partnership account between herself and J. G. Crawford, that all the property of which J. G. Crawford died seized was partnership property, and claimed an equal interest in all said property and an equal distribution of the proceeds of sales made by the special commissioners in the Crawford estate suit, after payment of the debts of J. G. Crawford, and seeking a settlement of the affairs of said dissolved partnership. And, after the ejectment suit, herein before referred to, the same party, by bill filed at December Rules, 1926, against Margaret Crawford, executrix and others, for an accounting of rents collected by the defendants from the said livery stable lot. A demurrer to the latter suit was overruled on February 11, 1927, and on the following day the several causes consolidated, and referred to a commissioner in chancery. The commissioner, pursuant to the order of reference, filed his report on September 4, 1928, wherein he found, among other things, (1) that there was due from Margaret Crawford to Elizabeth McConaughey, for rents collected by her as executrix on the livery stable lot (November 27, 1917, to September 16, 1922) the sum of $4,437.25, and that the same is not subject to defense of statute of limitations, because Mrs. Crawford collected the same in a fiduciary capacity, and is bound to account in equity to those entitled to the moneys collected; (2) that Elizabeth McConaughey is entitled to one-fourth interest in the $18,-200.00 (found to be in the hands of the special commissioners making sale in the suit to make assets), excluding there-

from any money received by said commissioners from the sale of the livery stable lot; (3) that Elizabeth McConaughey is entitled to one-fourth interest in all the unsold property in the name of J. G. Crawford impleaded in said suit; (4) that Margaret Crawford's claim of credit for $1,037.50 in her settlement of February 12, 1927, be disallowed; and (5) that Margaret Crawford, under the will, took fifty per cent of the remainder of her husband's estate, instead of fifty-one per cent, as claimed by her. Margaret Crawford excepted to these findings.

The final decree, after dealing with a number of exceptions not raised on this appeal, decreed against Annie Prendergast, executrix of the will of Margaret Crawford, deceased, against whom said suits had been revived, in the sum of $6,611.60 ($4,437.25, plus interest) for rents collected by Margaret Crawford, executrix, from said livery stable lot prior to the institution of the ejectment suit. It then adjudged, ordered and decreed that certain paragraphs of the commissioner's report (which include all the findings involved in this appeal) be sustained, and that all exceptions thereto be overruled. After which it recites: "And the court not intending by anything in this decree to rule finally in regard to the disposition of the funds now or hereafter in the hands of the special commissioners (except as expressly heretofore decreed with respect to the matters relating to the livery stable property) or the division of whatever properties the said John G. Crawford, deceased, died possessed of and which remain undisposed of or the rights of the respective parties in and to the same, all such matters are hereby expressly now reserved for future disposition and decree." The remainder of the decree deals with the distribution of costs.

Did the chancellor err in overruling the demurrer in the suit for rents? If the claim for rents was an isolated one, there would be merit in the appellant's position that it was a mere legal demand. However, such a claim was a proper matter in the main equity suit, arising on the voluntary settlement of the accounts of the executrix. Code (1923), chapter 87, section 7. When Mrs. Crawford reported the

rents collected, that fact brought into that suit the claim of rent on the livery stable lot, which up to the time of the judgment of this Court giving the title thereto to Mrs. McConaughey, was considered a part to the suit for a settlement of the partnership. The bill in the challenged suit savored some of a bill for discovery; and then it might be considered as a petition for intervention. So, considering it from all angles, it would seem proper to entertain it. As this Court said in the case of *Deepwater Company* v. *Motter & Company*, 60 W. Va. 55, the jurisdiction of the court must be determined by the facts in each case. We must look to the substance, rather than the form, to determine jurisdiction. Generally, where a court has once obtained jurisdiction it will retain it for all purposes and administer complete justice, enforcing, if necessary, legal rights and applying legal remedies to accomplish that end.

As a second ground of error, counsel for appellant asserts that Mrs. McConaughey's claim to the rents collected from the livery stable lot prior to the institution of her suit in ejectment is barred by the statute of limitations. With this position we do not concur. We agree with the reasons advanced by the commissioner and chancellor that since Mrs. Crawford had collected the rents in a fiduciary capacity, she is bound to account in equity to those entitled to the moneys collected. *Fields* v. *Lawyer*, 83 W. Va. 128.

As heretofore indicated, the commissioner found that Mrs. McConaughey was entitled to a one-fourth interest in the fund of $18,200.00 in the hands of the special commissioners, as well as a one-fourth interest in the unsold property impleaded in this suit. This, of course, was by virtue of her being a partner. But, according to the recital in the deed of May 14, 1897, the partnership had been dissolved prior thereto by mutual consent. It appears from the record that since that time J. G. Crawford had purchased several properties. The appellant raises a very serious question, that there is no showing that Crawford used partnership funds in making such purchases, or any other circumstances that would entitle Mrs. McConaughey to a beneficial interest therein. Yet the commissioner found that Mrs. McConaughey had an in-

64

terest in all of Crawford's property. This was the question on which this Court granted the appeal. However, upon the consideration of the provision in the final decree, which provision has hereinbefore been set out in extenso, and the construction placed upon it by counsel for the appellee, we are convinced that the question raised has not been decreed upon, and is at this time moot. This likewise applies to the remaining questions.

In view of the fact that counsel for appellant has apparently been misled by the ambiguity in the proviso in the decree into construing said priviso as simply withholding payment of funds pending a further mathematical calculation by the commissioners, and has thereby been required to bring up the record in the main suit to make assets, as well as the partnership suit, for no avail, we are of opinion, that the costs in this Court should be divided equally.

*Affirmed.*