MAUDE R. HANNAH

*v.*

RUBY BEASLEY

(No. 10107)

Submitted April 19, 1949. Decided June 1, 1949.

*Robert J. Ashworth,* for appellant.

*P. J. Carr* and *Percy H. Brown,* for appellee.

FOX, JUDGE:

In the year 1943, Lewis Richmond was the owner of a certain lot or parcel of land, in the City of Hinton, Summers County, West Virginia, on which a three story brick building was located. His wife had died during the year 1942, and one Ruby Beasley, the defendant herein, lived with Lewis Richmond and his wife, up to the date of the death of the wife, and thereafter with Lewis Richmond until his death, and allegedly was to be compensated for her services

by a devise to her by Richmond of the said lot in Hinton. On February 26, 1943, Lewis Richmond executed a testamentary paper, evidently intended as his last will and testament, which contained the following:

"I give, devise, and bequeath to Mrs. Ruby Beasley, the brick building and the land thereon situate on Main Street in the City of Hinton, and number and designated as house 176 on said street, she to have a fee simple title to this property."

Thereafter on March 29, 1945, more than two years after the execution of the testamentary paper aforesaid, said Lewis Richmond entered into a contract in writing with Maude R. Hannah, the plaintiff herein, which reads as follows:

"Contract for deed to be made from this date March 29, 1945, up to and including March 29, 1948, or any time.

"I hereby agree, bargain, and sell my brick—a three story building, in the City of Hinton, Summers County, West Virginia, and located at or near Railroad Crossing on Lot 44x104 to Maude R. Hannah for $1.00 and other consideration, being for the sum of $7,000.00 Seven Thousand Dollars: half cash and so considered up to March 29, 1948, balance $3,500.00 in three years, and more with interest to begin on this last note March 29, 1948, at rate of 6 per cent payments on this last $3,500.00 to be made as to conditions prevailing and suitable to both parties, Lewis Richmond, party of the first part and Maude R. Hanna, party of the second part. This last half so made to protect Maude R. Hanna from other heirs crowding you, in case of death, or anything happening to either party to the contrary.
"I want this to be for you heirs of John's children, I further state.

"Signed: LEWIS RICHMOND,
"Signed: MAUDE R. HANNA."

This writing was later acknowledged by Maude R. Hannah, after the death of Lewis Richmond, and recorded in the office of the Clerk of the County Court of Summers County, on July 25, 1946.

On January 8, 1946, Lewis Richmond, who was then 85 years of age, married a lady of the age of 83 years. Under the provisions of Code, 41-1-6, the effect of this marriage was to revoke the testamentary paper aforesaid. On February 15, 1946, Lewis Richmond died intestate leaving no issue, but leaving thirty-two nephews and nieces. An attempt was made to probate the said testamentary paper as the will of Lewis Richmond, but probate was refused by reason of the statutory provision aforesaid.

At April Rules, 1946, Ruby Beasley filed her bill in equity, in the Circuit Court of Summers County, against Mary Richmond, in her own right and as administratrix of Lewis Richmond, deceased, Maude R. Hannah, the plaintiff herein, and numerous other persons alleged to be heirs-at-law of Lewis Richmond, deceased. In her bill in said cause Ruby Beasley alleged her services to Lewis Richmond and his wife, and the agreement on the part of Lewis Richmond to compensate her therefor by devising to her a certain lot with brick building thereon, located at 176 Main Street, in Hinton, West Virginia. No allegation was made in said bill with respect to the contract now relied on by the plaintiff in the case at bar. There was filed with said bill a copy of the testamentary paper executed by Lewis Richmond as his last will and testament. Regular proceedings were had in the case, and a joint answer to the bill was filed by Mary E. Richmond in her own right, and as administratrix of the estate of Lewis Richmond, deceased, and Maude R. Hannah, the plaintiff herein, in which answer they denied the right of Ruby Beasley to the relief prayed for in her bill. Among other allegations in said answer was the following:

"The defendants further alleges that it is not true, as stated in the plaintiffs bill, that said

Lewis Richmond had refused to sell the property in question, giving as his reason that he had given said property to Ruby Beasley, but to the contrary, the defendants alleges that he did try to sell said property and entered into a writing agreeing to sell the same to the defendant, Mrs. Maude Hannah, which writing is in her possession and will be later filed with the evidence to be taken in this case."

Evidence was taken in the case and Maude R. Hannah testified at some length respecting the contract of sale of March 29, 1945, between the witness and Lewis Richmond, and the original of said contract was filed in the case as a part of her deposition. On October 16, 1946, the Circuit Court of Summers County entered a decree granting to Ruby Beasley the relief prayed for in her bill, and specifically enforced the contract alleged in her bill, against the heirs of Lewis Richmond, deceased, of whom Maude R. Hannah was one. The decree provided for the conveyance of the said lot of land to Ruby Beasley, subject to the dower interest of Mary Richmond, widow of Lewis Richmond, deceased. No appeal was taken from said decree, and the same having become final, Ruby Beasley was understood to own an estate fee simple in the said lot, subject to the dower interest of the widow of Lewis Richmond.

At November Rules, 1947, plaintiff, Maude R. Hannah, filed her bill in chancery against Ruby Beasley, in the Circuit Court of Summers County, in which she set up the contract of sale executed between her and Lewis Richmond, dated March 29, 1945, copied above, and asked that the same be specifically enforced, by a conveyance of the property described therein on the terms stated in said contract. The defendant appeared and filed her demurrer to the said bill, assigned as grounds that: (1) It appeared on the face of the bill that Mary Richmond was a necessary party thereto; (2) that there was no privity of contract between plaintiff and defendant; (3) that it appeared on the face of the bill that the matters involved therein had been fully adjudicated and settled by the decree of October

16, 1946, in the chancery cause of Ruby Beasley against Mary Richmond, Maude R. Hannah, and others; and (4) that the bill admits ownership of said property by Ruby Beasley subject to the dower of Mary Richmond.

At the same rules, December, 1947, the defendant Ruby Beasley filed her plea of *res judicata* in which is averred the proceedings in the case of Ruby Beasley against Mary Richmond, and others, aforesaid, including the filing of the answer of Maude R. Hannah, and the depositions taken in said cause, with which the contract of March 29, 1945, was filed, and ended the plea with the following prayer:

> "Wherefore this defendant prays judgment of this honorable court whether she shall be compelled to make any further or other answer to the said bill, and prays hence to be dismissed with her reasonable costs and charged in this behalf wrongfully sustained."

To this plea Maude R. Hannah filed her answer in open court on January 21, 1948 in which she says:

> "That she did not in her answer seek relief in the nature of specific performance upon the contract set forth in her answer to the bill of complaint; that while she did introduce said contract in the evidence taken in said cause that the same was done only for the purpose of showing, if the same did show, that the said Lewis Richmond did not orally contract with the said plaintiff, Ruby Beasley, in the manner and form as alleged by said Ruby Beasley; that said contract was not described in said pleadings nor was any relief asked for and on behalf of the said Maude R. Hanna in said chancery cause on said contract, and your plaintiff further says that said contract was not admissible in said chancery cause of Ruby Beasley vs. Mary R. Richmond, et als, except for the sole purpose of evidence and not as a contractual obligation for the reason that the said parties involved were not identical and that there was no answer in the nature of a cross-bill,

asking affirmative relief, filed, and there were no processes issued upon any cross-bill; that many parties were proceeded against by order of publication and that there was no order of publication as to said parties upon a cross-bill, and that said contract was therefore in litigation in said cause, only for a limited purpose, and which limited purpose was so stated at the time that said contract was introduced, and your plaintiff therefore says that said contract and the matters therein contained, are not res judicata as will more fully appear by the decree entered in said cause in which said contract is not mentioned.

On the same day, January 21, 1948, the court entered a decree overruling the demurrer filed in the case, but sustaining the plea of *res judicata* filed by the defendant, and further decreeing that:

"The Court is therefore of the opinion and doth so adjudge, order and decree, that the allegations in said plea of former adjudication contained are true in fact; and the court is further of the opinion, and doth so adjudge, order and decree that said plea of former adjudication be and the same is hereby sustained and held to constitute an absolute bar to the relief prayed for in plaintiff's bill of complaint herein."

Following this ruling plaintiff's bill was dismissed with costs to defendant, and, on the petition of the plaintiff we granted this appeal.

While appellants cite six grounds of error only one need be considered, and that raises the one and only question decided by the court, namely, did the trial court err in sustaining the plea of *res judicata* aforesaid?

The rule of *res judicata* has been often stated, and there is little conflict in what constitutes the true rule. The difficulty lies in applying the same to peculiar facts and situations. In 30 Am. Jur. 914, it is stated:

"A final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action. If, however, the two suits do not involve the same claim, demand, and cause of action, such effect will not be ordinarily given to the prior judgment. In this respect, it is worthy of notice that there must be not only identity of subject matter, but also of the cause of action, so that a judgment in a former action does not operate as a bar to a subsequent action, where the cause of action is not the same, although each action relates to the same subject matter. However, the successful maintenance of a second action on a different cause of action may be precluded by a prior conclusive adjudication as to a particular issue involved in both actions. The later rule applies where the question upon which recovery in the second action depends has under identical circumstances and conditions been previously adjudicated."

In the case of *Kemp v. Miller,* 166 Va. 661, 186 S. E. 99, the rule is stated that:

"When a second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties."

In the case of *Marguerite Coal Co. v. The Meadow River Lumber Co., et al.,* 98 W. Va. 698, 127 S. E. 644, it is stated in the body of the opinion that:

"Res adjudicata binds parties and privies, while stare decisis governs the decision of the same question in the same way in actions between strangers to the record. The doctrine of res adjudicata, or estoppel by judgment, as it is sometimes less accurately termed, is a rule of law founded on the soundest consideration of public policy. It means that if an action be brought, and the merits of the questions be discussed between the parties, and a final judgment be obtained by either party, the parties are concluded and cannot again canvass the same question in another action. It is founded upon two maxims of the law, one of which is that 'a man should not be twice vexed for the same cause,' the other that 'it is for the public good that there be an end of litigation.' * * * However, in order to make a matter res adjudicata there must be a concurrence of four conditions, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made."

That statement is approved in *Collins v. Treat,* 108 W. Va. 443, 152 S. E. 205. In *State ex rel. Connellsville By-Product Coal Co. v. Continental Coal Co.,* 117 W. Va. 447, 186 S. E. 119, it is held:

"For a second action to be a second vexation which the law will forbid, the two actions must have (1) substantially the same parties who sue and defend in each case in the same respective character, (2) the same cause of action, and (3) the same object."

In *Lutz v. Williams,* 84 W. Va. 216, 99 S. E. 440, this Court held:

"A cause of action between persons who were parties to a former adjudication, set up in a subsequent action between them, is not *res judicata* by the former decision, unless it is identical with

the one actually or constructively heard and determined in the former suit."

Other cases bearing on the question are *Pickeral v. Federal Land Bank of Baltimore,* 177 Va. 743, 15 S. E. (2d) 82; *International Brotherhood of Electrical Workers v. Bridgeman,* 179 Va. 533, 19 S. E. (2d) 667; *Griffin v. Griffin,* 183 Va. 443, 32 S. E. (2d) 700; *Central Banking & Security Co. v. United States Fidelity & Guaranty Co.,* 73 W. Va. 197, 80 S. E. 121; *State ex rel. Lambert v. The Board of Canvassers of Nicholas County,* 107 W. Va. 109, 147 S. E. 484; and *Morrison v. Bank of Mount Hope,* 124 W. Va. 478, 20 S. E. (2d) 790.

The purpose of the suit of Ruby Beasley against Mary Richmond, and others, in which suit the plaintiff herein was a party, was to enforce an alleged agreement between Lewis Richmond and Ruby Beasley, which apparently was intended to take effect on the death of Lewis Richmond, and with which he attempted to comply by the execution of a testamentary paper, quite evidently intended as a will, dated the 26th of February, 1943. Lewis Richmond having thereafter married, his will was revoked by operation of law. Therefore, Ruby Beasley could not take under this paper, and elected thereafter to institute a suit in equity in which she sought the specific performance of the agreement she alleged, and which the paragraph in the testamentary paper quoted above seems to sustain. At any rate, the Circuit Court of Summers County granted her the relief prayed for, and decreed the brick building and the lot on which it stood to be the property of Ruby Beasley, subject to the dower right of the widow of Lewis Richmond. In the *Beasley* suit, all of the heirs-at-law of Lewis Richmond, including the plaintiff Maude R. Hannah, were made parties, many of them appeared and resisted the Beasley claim. The plaintiff did so. She filed an answer, but she did not in that answer seek to enforce her alleged contract of sale dated March 29, 1945. That contract was referred to in her answer for the apparent purpose of refuting and overcoming the contention of Ruby Beasley, set

up in her bill, that Lewis Richmond, in his lifetime, had refused to sell the brick building, stating, in effect, that he intended it for Ruby Beasley. Maude R. Hannah testified in the suit and was interrogated fully as to her contract with Lewis Richmond, but in the whole of that litigation she at no time asserted the right to purchase the property under her contract, and we think the record shows that all reference to this contract, in the pleadings or in the testimony, was in connection with the question of whether the Beasley claim was a valid one and enforceable as against the heirs-at-law of Lewis Richmond.

But, it is contended that whether or not plaintiff herein asserted her claim under her contract in the Beasley suit is unimportant, because she could have done so. Recognizing the abstract soundness of that contention, we do not believe that, in view of all the circumstances, Maude R. Hannah was required to assert her claim under her contract in that suit. The claim of Ruby Beasley was based on the written memorandum contained in the testamentary paper executed by Lewis Richmond, and on testimony as to services performed by her in reliance thereon, as well as other pertinent evidence. Of course, that testamentary paper, if intended as a will, could not, in any event, become effective until the death of the testator. Therefore, the execution of that paper did not limit the right of Lewis Richmond to make a sale of his property, or make a contract for its sale. Lewis Richmond had the right to enter into a contract with the plaintiff herein to sell said building to her. The plaintiff could have enforced said contract in the lifetime of Lewis Richmond, and that right was not destroyed by Richmond's death, even had his intended will become operative. Assuming that Maude R. Hannah had instituted a suit for the specific execution of her contract, prior to the suit instituted by Ruby Beasley, and had prevailed in her suit, then the claim of Ruby Beasley might have been enforced as against the proceeds of the sale thereof, on the general theory that if Ruby Beasley was entitled to compensation for the services she had

rendered, and Lewis Richmond agreed to pay her therefor by a devise to her of said building, she would be entitled to the proceeds of the sale of the property involved. But, while Ruby Beasley was decreed to be the owner of the brick building, subject to the dower interest of the widow of Lewis Richmond, she took that property subject also to any valid and existing contract which might have been outstanding, affecting the same, just as she would have taken the same subject to existing liens or other encumbrances which the testator might have placed on the property.

In our opinion, the reference made to plaintiff's contract in her answer, filed in the Beasley suit, did not call for a determination of her claim thereunder in that suit. We think she had a right to join with the other heirs of Lewis Richmond in contesting the Beasley claim, independently of her contract. If Ruby Beasley sustained her claim, she would in any event be entitled to proceeds of the property, in the event the plaintiff herein would be permitted to purchase the same under her contract, and there was no prejudice to Ruby Beasley in the failure to assert in that suit the present plaintiff's alleged right to purchase the property involved.

The plaintiff herein was not made a party defendant in the *Beasley* suit by reason of the alleged contract of sale she held, but as an heir-at-law of Lewis Richmond, and the bill in that case contained no allegation in respect to said contract; therefore, no issue was raised in that suit as between the present plaintiff and defendant alone. The issue in the Beasley case was between Ruby Beasley on the one hand, and the personal representative, widow, and the numerous heirs-at-law of Lewis Richmond deceased on the other. The issue in the present litigation is one, in the outcome of which, only Maude R. Hannah and Ruby Beasley are concerned. It cannot be said that the pending suit is one for the same purpose, or one between substantially the same parties as those who prosecuted or defended the Beasley suit.

Recurring to the test laid dawn in *Marguerite Coal Co. v. The Meadow River Lumber Co., supra,* there is here lacking the identity of the thing sued for. In the Beasley suit the plaintiff sought to obtain title and ownership of the real estate here involved as compensation for services theretofore performed; here the plaintiff seeks the specific execution of an alleged contract of sale for the same property, by which contract she is required to pay an agreed, and presumably, a fair price therefor, which contract, she contends, survived the death of Lewis Richmond, and may be enforced against the defendant who holds the legal title to the property involved under the decree of October 16, 1946, aforesaid. Certainly there is no identity of the cause of action, for reasons stated above. True, both the plaintiff and defendant in the present suit were parties to the *Beasley* suit, aforesaid; but in that suit Maude R. Hannah, along with many other parties, was brought into court as an heir-at-law of Lewis Richmond, and for no other purpose. The defendants in the *Beasley* suit, other than Maude R. Hannah, were not interested in what is now the dispute between the parties to the present suit; and, so far as the record in that case discloses, did not know of the contract out of which this dispute arises, until the filing of the answer of Maude R. Hannah therein. In our opinion, the bill of the plaintiff in the *Beasley* suit did not contain matter which called for the injection into that suit of the claim which Maude R. Hannah now asserts in the present suit. It may be that she could have done so by filing her cross bill, or by filing her answer in the nature of a cross bill, and suing out process thereon against all persons who might be affected by her claim; or, on the other hand, Ruby Beasley could have filed her amended bill setting up the alleged contract of sale, and asking for an adjudication thereon. Neither party to the present suit took any steps to bring about an adjudication of the Hannah claim in the *Beasley* suit. Apparently neither party considered that it was, or could be, involved in that suit. In these circumstances it would, in our opinion, be inequitable to bar the plaintiff, under the doctrine of *res judicata,* from an op-

portunity to have an adjudication of her rights, if any, under the contract of sale she holds. The rule of *res judicata* should be so construed as not to deprive litigants of their day in court on an asserted claim, save only in cases where it clearly appears that their claim had been, or could have been adjudicated on the pleadings in a former suit or action. In its application, equitable principles should govern. "Its purpose is to put an end to litigation, but it is to be applied in the furtherance of justice and not in destruction thereof". *Collins v. Treat, supra.* In the case at bar, we are of the opinion that the plaintiff is entitled to prosecute her suit, and to have adjudicated her rights, if any, under the alleged contract of sale set up in her bill. Of course, we express no opinion on the merits of the cause.

We, therefore, reverse the decree of the Circuit Court of Summers County, dismissing the plaintiff's suit, and remand the cause to said court to be there reinstated and proceeded with to a final determination on its merits.

*Reversed and remanded.*