WEST VIRGINIA SANITARY ENGINEERING CORPORATION,
*A Corporation*

*v.*

BESSIE E. KURISH

(CC 801)

Submitted January 27, 1953.  Decided March 3, 1953.

*Wysong & Wysong,* for plaintiff.

*Hoover, Hoover & Bickel, Wolverton & Callaghan,* for defendant.

BROWNING, JUDGE:

The West Virginia Sanitary Engineering Corporation instituted in the Circuit Court of Webster County an action of assumpsit against Bessie E. Kurish, seeking recovery of an amount alleged to be due under the terms of a contract executed between plaintiff and defendant, whereby plaintiff was to construct a certain building upon land owned by defendant. Defendant filed· a plea of *res judicata* and the trial court, having sustained a demurrer to the plea, certified to this Court the following questions:

"1. Does the Amended Plea of Res Judicata state a good defense in bar to the plaintiff's declaration? '

"2. Does the decision in the chancery cause referred to and formerly decided operate as res judicata of the issues presented in this law action of assumpsit?

"3. Does the Statute (Code 38-2-19, Michie 3740), and in particular the language, 'shall release such owner from all responsibility and his property from all lien' operate to discharge the debt as well as the lien, when the lienclaimant fails to furnish the itemized statement therein required?"

The plea alleges: That after completing certain work and furnishing certain materials, in accordance with the terms of the contract and within the time allowed by the statute, plaintiff filed a mechanic's lien against Bessie E. Kurish and, within six months from the filing thereof, instituted a chancery·cause for the enforcement of the lien; that after the institution of the chancery cause, the owner, pursuant to provisions of Code, 38-2-19, demanded of the contractor an itemized account of the work done and materials furnished; that in a special plea filed in the chancery cause, the owner alleged that the contractor failed to comply with the requirement of the statute, in that the itemized account was not furnished within ten days from the time of receipt of notice of the demand; that the trial court overruled a demurrer to the special

plea and certified to the Supreme Court of Appeals certain questions arising upon the pleadings; that the Supreme Court of Appeals refused to docket the case; and that subsequently the trial court adjudged the mechanic's lien invalid because of the failure of the contractor to furnish the notice, and dismissed the chancery cause.

Code, 38-2-19, reads: "The owner may, at any time, by notice in writing, require such subcontractor, laborer, mechanic, workman or other person doing, or causing to be done, work or labor upon such building or other structure or improvement appurtenant thereto, or any such materialman or other person furnishing materials, machinery or other necessary equipment for such work, to file with such owner an itemized account of the work done or caused to be done by such laborer or other person, or of the materials or machinery or other equipment furnished by such materialman or other person for such work, which account shall show the dates upon which such work was done, or such materials were furnished, the price charged therefor, and the nature of such work or materials, and the neglect or failure of any such laborer, mechanic or other person furnishing materials, machinery or other necessary equipment for the doing of the same, so to file such itemized statement with such owner, within ten days after the receipt by him of such written notice so to do, shall release such owner from all responsibility and his property from all lien or charge for all labor done and for all materials furnished by the person so failing to file such required itemized statement, prior to the giving of such notice."

The controlling question raised by the plea of *res judicata,* filed in the assumpsit action, relates to the effect of the provisions of the quoted statute declaring that failure of the contractor to furnish the itemized statement within ten days after receipt of demand therefor "shall release such owner from all responsibility and his property from all lien or charge for all labor done and for all materials furnished by the person so failing to file such required itemized statement, prior to the giving of

such notice." It is the contention of defendant that the provisions have the effect of releasing the owner from all liability, while plaintiff contends that the effect thereof is to release the owner only as to liability created by the mechanics' liens statute, and not as to liability existing by virtue of the building contract. Defendant also contends that, whether or not the statute be interpreted as wholly releasing the owner upon failure to furnish the itemized statement, as required, the question was adjudicated in the chancery proceeding.

Article 2 of Chapter 38 of the Code, as amended, contains the statutory law relating to the creation, perfecting, preserving and enforcement of mechanics' liens. Section 1 thereof provides that a general contractor shall have the right to a mechanic's lien upon a structure erected by him, and upon the interest of the owner in the land upon which the structure is erected, while Section 2 grants such right to a subcontractor. Section 3 grants such right to a materialman who furnishes any materials to the owner, and Section 4 grants such right to a materialman who furnishes materials to a general contractor or subcontractor. Section 5 grants such right to a laborer who performs work for the owner, and Section 6 grants such right to a person who performs labor for a general contractor or a subcontractor. Different methods are provided for the perfecting and preserving of the respective liens. Any lien perfected attaches only against a building or other structure erected, "and upon the interest of the owner thereof in the lot of land whereon the same stands * * *." Section 35 empowers the court having jurisdiction, after proper proceedings, to order the sale of the property upon which such lien is found to exist, and to enter a "personal decree in favor of such creditors for the amount of their claims against any party against whom they may be established, and such decree shall have the effect of, and be enforced as, other decrees for money."

With these general principles in mind, we may better understand and apply the provisions of Section 19, quoted above. It will be observed that Section 19 expressly in-

cludes a subcontractor, laborer, mechanic, workman and materialman, and expressly requires them to furnish an itemized statement on demand of the owner, while a general contractor is not expressly required to furnish such statement. Though the statute uses, following the specific designations, the words, "other persons", it is observed that those words include only persons doing work or furnishing materials of the class designated. Had the Legislature intended that a general contractor be required to furnish such statement, it would have specifically included the words "general contractor" within the express terms of the language of the section, as it did the word "subcontractor". This meaning seems to be clearly indicated by the Note of the Revisers appended to Section 19, which says: "The word 'subcontractor' is inserted near the beginning of the section. The purpose of the section would seem to apply to such a person as well as to the persons named in §6, c. 75, Code 1923. The words 'or causing to be done' and 'or caused to be done' are inserted, being made necessary by the insertion of the word 'subcontractor'." In 17 M. J., Statutes, Section 45, we find this statement: "A statute, limiting a thing to be done in a particular manner, or by a prescribed person or tribunal, implies that it shall not be done otherwise, or by a different person or tribunal. Expressio unius est exclusio alterius." See *Douglass* v. *Koontz*, 137 W. Va. 345, 71 S. E. 2d 319; *Taylor* v. *Taylor*, 66 W. Va. 238, 66 S. E. 690, 19 Ann. Cas. 414; *Tate* v. *Ogg*, 170 Va. 95, 195 S. E. 496, L. R. A. 1916F 1001. It seems clear, therefore, that the requirement of the section as to the furnishing of an itemized statement does not apply as between a general contractor and an owner. The reason for the difference readily appears. The contract between the owner and the contractor governs, and affords the owner ample information concerning his liability to the contractor, while he would have no such information as to work done or materials furnished by a subcontractor, or those who worked for or furnished materials to a subcontractor.

Defendant contends, however, that the rights of plaintiff were decreed in the chancery cause, and that the rule *res judicata* applies. We agree that as to the right of plaintiff to enforce the claimed mechanic's lien, the final decree entered in the chancery cause precludes any further litigation, whether that decree be right or wrong. But did that decree foreclose the right of plaintiff to prosecute an action in assumpsit arising out of the alleged breach of the building contract? Or, to state the question in another way, does the statute, by creating a right to the lien and a method of enforcing it, extinguish the cause of action arising out of the contract? The statute does not expressly attempt to do so. Neither do we find any basis for holding that it impliedly does so. The remedy afforded the contractor by the statute is not the equivalent of the prior remedy. Neither is it the same type of remedy. The new remedy is in equity, the old in assumpsit. The lien afforded by the statute, and which can only be enforced if perfected and preserved as required by the statute, can be enforced only as to the particular property, while the lien of a judgment obtained under the old remedy could be enforced as to any personal or real property. The lien afforded a general contractor by the statute is not of equal dignity with liens afforded others by the statute. Code, 38-2-18. While Code, 38-2-35, empowers the court having jurisdiction of a mechanic's lien suit to enter a money decree as to any creditor, against any person liable, as to any portion of a claim not satisfied by a sale of the particular property, the enforcement of such a decree as to real estate would necessitate further drawn-out proceedings in the mechanic's lien suit, or the prosecution of a second suit in chancery.

In 57 C. J. S., Mechanics' Liens, Section 266, it is stated: "The lien given by the statute to mechanics and materialmen is but a cumulative remedy to enforce their respective contracts, and independently of the lien such parties may resort to the ordinary common-law remedies to enforce their contracts, as by action to recover personal judgment. The two remedies may be pursued simultane-

ously, although there can be but one satisfaction. * * *."

In 36 Am. Jur., Mechanics' Liens, Section 234, it is stated:

"The enforcement of the lien is a cumulative remedy provided by statute, and an incidental accompaniment of the contract, which may be pursued in connection with ordinary remedies. The lienor may proceed to enforce his lien and simultaneously bring an action to recover a personal judgment for the amount due. While there can only be one satisfaction thereof, the recovery of a judgment against the debtor in a suit at law does not waive the right to a lien, or bar an equitable action to enforce the same. The institution of an attachment suit and levy of the writ to secure a demand for which a mechanic's lien is held does not waive the lien, particularly if the suit is dismissed and the attachment realizes nothing. This is true although the levy is made on the identical property covered by the lien.

"An action to foreclose a mechanic's lien is not abated by the pendency of a prior suit brought by its property owner against the plaintiff (lien claimant) to recover on a breach of the contract, wherein the plaintiff, as defendant, could have counterclaimed; because, while the plaintiff could have interposed his claim in the former action as a counterclaim, he was not obliged to do so, especially since it appeared that the former action being in law, he would have been restricted to a judgment for money damages, and could not have foreclosed his lien."

The texts are fully supported by the authorities cited therein.

In the circumstances detailed, can the former decree be said to constitute an adjudication of the matters involved in the action in assumpsit? We recognize, of course, the general principle that not only matters actually litigated in a proceeding, but also such matters as could have been litigated under the pleadings therein, can not be relitigated in a subsequent proceeding. *State ex rel. Connellsville By-Product Coal Co.* v. *Continental Coal Co.*, **117**

W. Va. 447, 186 S. E. 119, 106 A. L. R. 83; *Marguerite Coal Co.* v. *The Meadow River Lumber Co.,* 98 W. Va. 698, 127 S. E. 644; *Choate* v. *Calhoun,* 153 Va. 52, 149 S. E. 470; 50 C. J. S., Judgments, Section 598. The rule, however, has limitations. In *Pridemore* v. *Lucas,* 131 W. Va. 1, 47 S. E. 2d 839, Point 1, syllabus, this Court held: "Where a material question in a pending suit has been put in issue in a former suit, and there judicially determined, such question is conclusively settled by a decree rendered therein, and cannot be reasserted in a subsequent suit between the same parties and involving the same claim, demand or cause; but where the pending suit is upon a different claim, demand or cause, the decree in the first suit operates as a bar only as to questions actually litigated and determined in the former suit."

In *State ex rel. Connellsville By-Product Coal Co.* v. *Continental Coal Co., supra,* Point 1, syllabus, it is held: "For a second action to be a second vexation which the law will forbid, the two actions must have (1) substantially the same parties who sue and defend in each case in the same respective character, (2) the same cause of action, and (3) the same object." See *Eiland* v. *Powell,* 136 W. Va. 25, 65 S. E. 2d 737; *Smith* v. *Haymond,* 135 W. Va. 638, 64 S. E. 2d 105; *Hannah* v. *Beasley,* 132 W. Va. 814, 53 S. E. 2d 729; *Security Co.* v. *Guaranty Co.,* 73 W. Va. 197, 80 S. E. 121, 51 L. R. A. (N S.) 797; *Doonan* v. *Glynn,* 28 W. Va. 715.

Having previously determined that the cause of action declared upon in the assumpsit proceeding is not the same as the cause of action revolved in the suit to enforce the mechanic's lien, it becomes clear, from the authorities cited, that the trial court ruled correctly in sustaining the demurrer to the plea of *res judicata.* Failure to perfect or preserve the mechanic's lien did not have the effect of destroying the rights growing out of the contract.

For another reason, the action of the trial court in sustaining the demurrer to the plea of *res judicata* must be affirmed. In the final decree entered in the suit brought

to enforce the mechanic's lien, on the 13th day of February, 1950, we find this language: "To which action of the court in refusing to enter the decree as tendered which contained the above stricken out words 'all responsibility upon', the defendant Bessie E. Kurish objects and excepts." From this language we think it clear that the court intended to reserve, and did reserve for future determination, the question herein involved relating to the rights growing out of the contract, as distinguished from the mechanic's lien liability created by the statute. Also indicating that the question was reserved for future determination is the fact that the certificate of the chancery court, certifying the cause to this Court, mentioned no such question. In *New River & Pocahontas Consolidated Coal Company v. Eary*, 115 W. Va. 46, 174 S. E. 573, Point 6, syllabus, this Court held: "An issue held to be not properly before the court and left expressly undetermined, may be raised in further proceedings between the parties." To the same effect is the holding in *Crawford v. Crawford*, 111 W. Va. 58, 160 S. E. 307.

From the conclusions reached, it necessarily follows that the ruling of the Circuit Court of Webster County must be affirmed.

*Ruling affirmed.*