Simon KATZ d/b/a Elmhurst Manor Home for Adults, Alfred Schonberger d/b/a Judith Lynn Home for Adults, Simon Berger and David Hirsch, Individually and as a Partnership d/b/a Crown Home for Adults, et al., Plaintiffs,

v.

Barbara B. BLUM, as Commissioner of the New York State Department of Social Services, The New York State Department of Social Services, and The State of New York, Defendants.

No. 78 Civ. 5486 (MP).

United States District Court,
S. D. New York.

Nov. 30, 1978.

Austrian, Lance & Stewart, New York City, by Julius J. Rosen, Keith A. Taylor, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, by Emanual M. Kay, Asst. Atty. Gen., New York City, for defendants.

## DECISION AND OPINION

POLLACK, District Judge.

An examination of the papers in this case leads me to the following conclusions, and the following is, accordingly, my decision on the application for an injunction.

Plaintiffs, sixty-one owners and operators of private proprietary homes for adults, seek a judgment or order, (1), declaring that New York's Social Services Law Section 461–b.5.(a) is unconstitutional and, (2) permanently enjoining and prohibiting defendants from requiring submission of the Annual Financial Reports called for by Section 461–b.5.(a). For the reasons indicated below, the application for permanent injunction is denied and the complaint herein is dismissed.

Plaintiffs are licensed by the State to operate private proprietary homes for adults for profit. They contend that the State's statutory requirement that they must submit Annual Financial Reports to the Department of Social Services violates plaintiffs' constitutional rights to due process because it is an arbitrary and unreasonable burden upon their lawful businesses. It is not contested, however, that the State of New York has a legitimate interest in the provision of high quality, efficient and reasonably priced residential care for its adult citizens. *See* Social Services Law § 460. To that end, the legislature has constructed a comprehensive scheme of regulation of residential care programs in the State. Social Services Law §§ 460, 461.

■ The Annual Financial Reports required by Section 461–b.5.(a) are an essential part of the State program of supervision of adult homes, and the requirement that plaintiffs submit such reports is reasonably related to a legitimate interest of the State. Plaintiffs' due process claim is thus without merit.

■ Plaintiffs further contend that Section 461–b.5.(a) denies them the equal protection of the law because it requires reports only from private proprietary homes and not from the "voluntary", or not-for-profit homes, and this discrimination is not reasonably based. The basis is readily seen, however, in the profit motive of the owners of the private homes. Additional State oversight is necessary in order to prevent financial irregularities on the part of these private, regulated businesses, and thus to further the State interest in the welfare of its adult citizens. The discrimination alleged by the plaintiffs, therefore, is rationally related to a legitimate State interest.

The claimed discrimination itself, however, is more apparent than real. Not-for-profit homes need not file financial reports pursuant to Section 461–b.5.(a), but they or their parent organizations—unless they are religious organizations not open to the general public and statutorily exempt on that ground—are subject to State supervision as charitable organizations.[1]

Every not-for-profit organization for charitable purposes must disclose its financial affairs to the Attorney General in periodic written reports on the administration of its charitable assets. New York E.P.T.L. § 8–1.4.

In addition, every charitable organization that solicits and received contributions from the public must file Annual Financial Reports with the Secretary of State of New

---

1. The reporting exemption for religious agencies is significantly narrower in practice than would appear from the statutory language of Executive Law Section 172–a.1 and E.P.T.L. Section 8–1.4(b)(3). Relying on an opinion of then Attorney General Javits, dated March 6, 1956, the Office of the Attorney General maintains that the exemption applies only to those homes maintained exclusively for persons of a particular faith, and that homes open to the general public but operated by a religious agency must register. In practice, most homes operated by religious agencies have opened their doors to the general public in order to be eligible for Federal funds under various programs, and thus are required by the Attorney General to report in the manner required of any other charitable organization.

York. New York Executive Law §§ 171–176. The requirements of Social Services Law Section 461–b.5.(a) were added to bring private proprietors of adult homes into line with voluntary not-for-profit organizations serving adult homes and they do not discriminate against the plaintiffs but simply require that they submit information similar to that already required from the not-for-profit homes. Plaintiffs' equal protection claim is thus without merit.

 Finally, plaintiffs contend that the required reports violate their Fourth Amendment rights to be free of unreasonable searches and seizures. This contention is utterly groundless, as the reporting requirement constitutes neither a search nor a seizure of plaintiffs' property within the meaning of the Fourth Amendment.

The identical issues raised herein were presented to the New York State Courts and adjudicated adversely to the private home owners—plaintiffs herein—under principles of the state law and the state and federal constitutions. *See Katz v. Shapiro*, 62 App.Div.2d 231, 405 N.Y.S.2d 315 (3d Dep't 1978), *appeal dismissed*, 45 N.Y.2d 833, 409 N.Y.S.2d 213, 381 N.E.2d 611 (1978). Thirty-two of the sixty-one plaintiffs herein were among the one hundred and fifteen petitioners in the state proceeding, wherein the state courts rejected the constitutional challenge to Section 461–b.5.(a) and its predecessor. Although twenty-nine of the plaintiffs in this action were not formally parties to the prior action, application of the rules of collateral estoppel to bar this action may not be inappropriate where, as here, counsel for both sets of plaintiffs is the same, the identical issues were presented in both cases, the issues are such that do not vary as to any individual plaintiff, and the plaintiffs may be assumed to have had constructive, if not actual, notice of the prior proceeding due to the general notoriety in the industry of the court challenge. The question of the proper application of collateral estoppel need not be decided, however, in view of the disposition of this action on the merits.

Accordingly, plaintiffs' application for a declaratory judgment and a permanent injunction is denied, and the complaint is dismissed. In view of the fact that today is the last day for the required filing, the plaintiffs are hereby ordered to file the appropriate financial reports with the defendant Department of Social Services on or before December 15, 1978.

SO ORDERED.