**Syed FAREED, Plaintiff,**

v.

**ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION and Thomas Nasca, in his capacity as C.E.O. of the Accreditation Council for Graduate Medical Education, Defendants.**

**Civil Action No. H–11–4617.**

United States District Court, S.D. Texas, Houston Division.

Aug. 1, 2012.

---

Syed Fareed, Baytown, TX, pro se.

Douglas Carlson, Douglas Carlson LLC, William R. Lee, Edwards Wildman Palmer LLP, Chicago, IL, John L. Ross, Thompson Coe et al., Dallas, TX, Stephanie Simons Rojo, Thompson Coe Cousins & Irons, Austin, TX, for Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

SIM LAKE, District Judge.

Having reviewed the Magistrate Judge's Memorandum and Recommendation and the objections thereto, the court is of the opinion that said Memorandum and Recommendation should be adopted by this court.

It is, therefore, **ORDERED** that the Memorandum and Recommendation is hereby **ADOPTED** by this court.

The Clerk shall send copies of this Order to the respective parties.

### MEMORANDUM AND RECOMMENDATION

NANCY K. JOHNSON, United States Magistrate Judge.

Pending before the court[1] are Defendants' Motion to Dismiss (Doc. 3), Plaintiff's Motion for a Restraining Order (Doc. 25), Plaintiff's Motion to Compel (Doc. 26), Plaintiff's Motion to Transfer Case to District Court (Doc. 27), Plaintiff's Motion for Hearing (Doc. 31), and Plaintiff's Amended Motion to Transfer Case Back to District Court (Doc. 33). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED.**

If this Memorandum and Recommendation is adopted, Plaintiff's Motion for a

---

1. This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 17.

Restraining Order, Plaintiff's Motion to Compel, Plaintiff's Motion to Transfer Case to District Court, Plaintiff's Motion for Hearing, and Plaintiff's Amended Motion to Transfer Case Back to District Court will be **MOOT**.

## I. Case Background

Plaintiff Syed Fareed ("Plaintiff") initiated this negligence action against Defendants Thomas Nasca ("Nasca"), in his capacity as Chief Executive Officer ("CEO") of Accreditation Council for Graduate Medical Education ("ACGME"), and ACGME (collectively, "Defendants"). Plaintiff seeks compensatory and exemplary damages, as well as specific relief.[2]

### A. *Factual History*

The following factual account is derived directly from Plaintiff's original complaint.[3]

Plaintiff was accepted to a residency program at the West Virginia University School of Medicine ("WVU").[4] He contacted ACGME, which did not tell him that his position in the program was not accredited.[5] Plaintiff moved to West Virginia to begin his residency, and his wife, leaving a high-paying job, accompanied him.[6] Plaintiff assumed that his residency position was accredited because WVU's residency program had been accredited by ACGME for several years.[7]

In early 2010, however, Plaintiff began having doubts about whether his position in the residency program was accredited.[8] He therefore wrote to ACGME in March 2010 and April 2010, seeking confirmation that his particular residency position was accredited.[9] ACGME did not respond to either letter.[10] Plaintiff subsequently retained counsel to find out whether his residency position was accredited.[11] Although ACGME confirmed that the residency program was accredited, it did not specifically confirm that Plaintiff's residency position was also accredited.[12]

Plaintiff then filed a state court suit in West Virginia against Nasca, in his capacity as CEO of ACGME, demanding documentation of the accreditation status of his residency position.[13] Plaintiff complains that the case was dismissed on November 6, 2011, before ACGME was required to produce documents verifying the status of Plaintiff's residency position.[14]

2. Plaintiff additionally asks the court to investigate the conduct of certain law firms and attorneys. *See* Doc. 16, Pl.'s Resp. to Defs.' Mot. to Dismiss; Doc. 22, Pl.'s 2nd Resp. to Defs.' Mot. to Dismiss, ¶ 5. Conducting investigations is not a proper function of the court. Plaintiff also requests that the court order the production of information from a law firm associated with Defendants. *See* Doc. 16, Pl.'s Resp. to Defs.' Mot. to Dismiss; Doc. 22, Pl.'s 2nd Resp. to Defs.' Mot. to Dismiss, ¶ 4. A request of this nature should be handled through discovery. The court will not interject itself into any discovery disputes unless discovery requests have been properly served on Defendants, responses are overdue, and the matter cannot be informally resolved between the parties.

3. *See* Doc. 1, Pl.'s Orig. Compl.

4. *See* Doc. 1, Pl.'s Orig. Compl., ¶ 9.

5. *See id.*

6. *See id.*

7. *See id.*

8. *See id.*

9. *See id.*

10. *See id.*

11. *See id.*

12. *See id.*

13. *See id.;* Doc. 4–1, Ex. A to Defs.' Mem. in Support of Mot. to Dismiss, Pl.'s Civ. Compl. from W. Va. Case.

14. *See* Doc. 1, Pl.'s Orig. Compl., ¶ 9.

## B. *Procedural History*

Plaintiff filed this lawsuit against ACGME and Nasca, as CEO of ACGME, on December 28, 2011, alleging negligence and seeking damages and specific relief in the form of documents verifying the accreditation status of his residency position, as well as the funding for the position.[15] Two months later, on February 21, 2012, Defendants filed the pending motion to dismiss.[16] Plaintiff moved for an extension of time to file a response to Defendants' motion, which the court granted on April 3, 2012.[17] Two weeks later, on April 18, 2012, Plaintiff filed his response, to which Defendants replied on April 25, 2012.[18] On May 11, 2012, Plaintiff filed a second response to Defendants' pending motion.[19]

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir.2010). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.,* 550 U.S. at 555, 127 S.Ct. 1955. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949.

## III. Analysis

Defendants move to dismiss Plaintiff's lawsuit on the grounds that: (1) Plaintiff's claim is barred by the legal theory of res judicata; and (2) Plaintiff has failed to properly plead a cause of action for negligence. The court considers both arguments.

### 1. *Res Judicata*

Res judicata is the legal cannon which states "a valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof." *Medina v. Immigration & Naturalization Serv.,* 993 F.2d 499, 503 (5th Cir.1993). The Fifth Circuit has stated that a "federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *E.D. Sys. Corp. v. Sw. Bell Tel. Co.,* 674 F.2d 453, 457 (5th Cir.1982); *see Prod. Supply Co., Inc. v. Fry Steel Inc.,* 74 F.3d 76, 78 (5th Cir.1996) (quoting *E.D. Sys. Corp.,* 674 F.2d at 457); *T.L. Dallas (Special Risks), Ltd. v. Elton Porter Marine Ins. Agency, Inc.,* No. 4:07–cv–0419, 2008 WL 7627807, at *3 (S.D.Tex. May 22, 2008). The state court judgment relevant here is the suit filed by Plaintiff in West Virginia

---

15. *See* Doc. 1, Pl.'s Orig. Compl.

16. *See* Doc. 3, Defs.' Mot. to Dismiss; Doc. 4, Defs.' Mem. in Support of Mot. to Dismiss.

17. *See* Doc. 14, Pl.'s Mot. for Ext. of Time; Doc. 15, Or. Granting Pl.'s Mot. for Ext. of Time.

18. *See* Doc. 16, Pl.'s Resp. to Defs.' Mot. to Dismiss; Doc. 18, Defs.' Reply in Support of Mot. to Dismiss.

19. *See* Doc. 22, Pl.'s 2nd Resp. to Defs.' Mot. to Dismiss.

against Defendant Nasca, in his capacity as CEO of ACGME.[20] West Virginia law thus applies in determining whether res judicata precludes Plaintiff's lawsuit.

■ In West Virginia, a claim may be barred on res judicata grounds where the following elements are satisfied: (1) "a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings"; (2) the involvement of "either the same parties or persons in privity with those parties"; and (3) a challenged cause of action that is either "identical to the cause of action determined in the prior action or . . . could have been resolved, had it been presented, in the prior action." *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 477, 498 S.E.2d 41 (1997); *see Beahm v. 7 Eleven, Inc.*, 223 W.Va. 269, 273, 672 S.E.2d 598 (2008) (quoting *Blake*, 201 W.Va. at 477, 498 S.E.2d 41).

■ The court begins with consideration of the first element of res judicata, a prior final adjudication. The presiding court of the West Virginia action held a hearing on Nasca's then-pending motion to dismiss Plaintiff's suit.[21] "Having read the parties' written submissions, [and] having heard the parties' arguments and representations," that court denied Nasca's motion to dismiss and ordered that Plaintiff be informed about "whether the *residency* (not the residency program)" at issue was accredited.[22] Finding that Nasca complied with the court's order to the extent possible, the West Virginia court subsequently dismissed Plaintiff's case with prejudice.[23]

Given that the West Virginia court considered the parties' arguments, granted the relief sought by Plaintiff, and dismissed the action upon Nasca's compliance with the order for relief, the court finds that Plaintiff's prior lawsuit was finally adjudicated on the merits.

■ Turning to the second element, the inclusion of either the same parties as the prior lawsuit or parties in privity with the former parties, Plaintiff named Nasca, in his capacity as CEO of ACGME, and ACGME as defendants in this suit.[24] In the prior West Virginia action, Plaintiff and Nasca, in his capacity as CEO of ACGME, were the only parties.[25] That Nasca, in his capacity as CEO, was a defendant in both the prior and present lawsuits is undisputed. The court must determine, however, whether ACGME is in privity with Nasca for res judicata purposes.

■ In West Virginia, the key consideration for the existence of privity between parties in successive actions is "the sharing of the same legal right by the parties allegedly in privity, so as to ensure that the interests of the party against whom preclusion is asserted have been adequately represented." *W. Va. Human Rights Comm'n v. Esquire Group, Inc.*, 217 W.Va. 454, 460–61, 618 S.E.2d 463 (W.Va.2005); *see Beahm*, 223 W.Va. at 273, 672 S.E.2d 598. Indicating privity between Defendants, Plaintiff's claims against Nasca in the previous suit appear to arise from ACGME's conduct regarding the accredi-

---

20. *See* Doc. 4–1, Ex. A to Defs.' Mem. in Support of Mot. to Dismiss, Pl.'s Civ. Compl. from W. Va. Case.

21. *See* Doc. 4–2, Ex. B to Defs.' Mem. in Support of Mot. to Dismiss, W. Va. Order Denying Mot. to Dismiss and Granting Lim. Injunctive Relief.

22. *Id.*

23. *See* Doc. 4–3, Ex. C to Defs.' Mem. in Support of Mot. to Dismiss, W. Va. Order of Dismissal.

24. *See* Doc. 1, Pl.'s Orig. Compl.

25. *See* Doc. 4–1, Ex. A to Defs.' Mem. in Support of Mot. to Dismiss, Pl.'s Civ. Compl. from W. Va. Case.

tation of Plaintiff's residency, as do Plaintiff's claims in the present action.[26] That Nasca's counsel in the previous action is representing both Nasca and ACGME in the current action further militates in favor of a finding that Defendants are in privity with one another.[27] Moreover, Plaintiff has not indicated, and the court has not discerned, any divergent legal interests or claims between ACGME and Nasca in this lawsuit. Accordingly, the court finds that Defendants are in privity for res judicata purposes.

■ Regarding the final element, "res judicata may operate to bar a subsequent proceeding even if the precise cause of action involved was not actually litigated in the former proceeding so long as the claim could have been raised and determined." *Blake*, 201 W.Va. at 477, 498 S.E.2d 41. A cause of action consists of "the fact or facts which establish or give rise to a right of action." *Id.* at 476, 498 S.E.2d 41. Where claims involved in past and present lawsuits are not identical, the "same evidence" test is applied to determine "whether two claims should be deemed to be the same for purposes of claim preclusion." *Slider v. State Farm Mut. Auto. Ins. Co.*, 210 W.Va. 476, 481, 557 S.E.2d 883 (W.Va. 2001).

■ In Plaintiff's prior action, Plaintiff sought injunctive relief in the form of the production of a document indicating the accreditation status of his residency position.[28] In the present action, as in the prior action, Plaintiff specifically seeks "[p]roduction of the list or document showing whether the residency position, that [Plaintiff] got approved for, was accredited or not, and how such position was funded."[29] Plaintiff also alleges a claim of negligence, for which he seeks compensatory and exemplary damages.[30] Plaintiff's negligence claim arises from the same nexus of underlying facts as does his claim for specific relief—namely, Defendants' conduct regarding the accreditation status of Plaintiff's residency position.[31] Thus, Plaintiff could have raised his claim of negligence in the previous lawsuit, and his failure to do so precludes him from raising the claim in the present lawsuit.[32] *See Beahm*, 223 W.Va. at 275–76, 672 S.E.2d 598.

Accordingly, the court should dismiss Plaintiff's lawsuit on the grounds that it is barred by res judicata.

### 2. Negligence

■ Alternatively, Defendants contend that Plaintiff has failed to properly plead a cause of action for negligence and negligent supervision. In order to establish a cause of action for negligence, a plaintiff must show: (1) the existence of a duty; (2) a breach of that duty; and (3)

---

26. *See id.;* Doc. 1, Pl.'s Orig. Compl.

27. *See, e.g.,* Doc. 18, Defs.' Reply in Support of Mot. to Dismiss, p. 3; Doc. 18–1, Ex. A to Defs.' Reply in Support of Mot. to Dismiss, Correspondence From Douglas Carlson to Pl. Re: Compliance with W. Va. Court Order; Doc. 4, Defs.' Mem. in Support of Mot. to Dismiss, p. 12 (naming Douglas Carlson as attorney-in-charge for Defendants).

28. *See* Doc. 4–1, Ex. A to Defs.' Mem. in Support of Mot. to Dismiss, Pl.'s Civ. Compl. from W. Va. Case.

29. *See* Doc. 1, Pl.'s Orig. Compl., ¶ 17(a).

30. *See* Doc. 1, Pl.'s Orig. Compl., ¶¶ 10–16.

31. *See* Doc. 1, Pl.'s Orig. Compl., ¶¶ 9–14, 17.

32. The court further notes the absence of any indication that Plaintiff's allegations fall within an exception to the res judicata doctrine under West Virginia law. *See Seventeenth Street Assoc., LLC v. Cole ex rel*, 855 F.Supp.2d 606, 613 (S.D.W.Va.2012) (applying West Virginia law) ("there is support for an exception to the doctrine under West Virginia case law if there is such a material change of circumstances or law subsequent to the first judgment that res judicata should not be applied.").

damages that are a proximate result of the breach. *Nabors Drilling, U.S.A., Inc. v. Escoto,* 288 S.W.3d 401, 404 (Tex.2009). A plaintiff must show the same elements for a claim of negligent supervision. *See Alternatives Unlimited, Inc. v. Group Excellence, Ltd.,* No. 3:10–CV–02283–BF, slip op., 2012 WL 715970, at *7 (N.D.Tex. Mar. 5, 2012). The existence of a legal duty is a determination made by the court as a matter of law. *Escoto,* 288 S.W.3d at 404.

■ As the court understands Plaintiff's complaint and responses to Defendants' motion to dismiss, Plaintiff alleges that Defendants, despite requests from Plaintiff, would not tell him whether his residency position was accredited, and that their failure to provide Plaintiff with the requested information constitutes negligence.[33] Specifically, Plaintiff alleges that Defendants had both a duty to inform Plaintiff about the accreditation status of his residency position and a legal duty to warn.[34]

Plaintiff, however, has not alleged any facts or law supporting his position that Defendants had a duty to go beyond confirming that Plaintiff's residency program was accredited.

■ With respect to the cause of action for negligent supervision, Plaintiff claims that Defendants' conduct constituted negligent supervision of WVU's residency program.[35] In its entirety, Plaintiff's cause of action for negligent supervision reads as follows:

> Defendant[s] did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether the residency position that Plaintiff was accepting, was unfit and incompetent. Defendant knew or should have known that

the residency position was unfit and could foresee that the Plaintiff would not have sacrificed his time, money, and energy to a position which will cause him great hardship in seeking employment. Defendant[s'] failure to exercise reasonable care in **the supervision of program was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.**[36]

Plaintiff's complaint, however, fails to allege any facts, as opposed to legal conclusions, in support of this claim.

Plaintiff's general recitation of the requisite elements of a negligence and a negligent supervision claim is insufficient to support these causes of action at this stage in the proceedings. *See Bell Atl. Corp.,* 550 U.S. at 555, 127 S.Ct. 1955. Therefore, as an alternative ground for dismissal, the court finds that Plaintiff's complaint should be dismissed for failure to allege a cause of action for negligence and negligent supervision.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

If this Memorandum and Recommendation is adopted, Plaintiff's Motion for a Restraining Order, Plaintiff's Motion to Compel, Plaintiff's Motion to Transfer Case to District Court, Plaintiff's Motion for Hearing, and Plaintiff's Amended Motion to Transfer Case Back to District Court will be **MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal

---

33. *See* Doc. 1, Pl.'s Orig. Compl.

34. *See* Doc. 1, Pl.'s Orig. Compl., ¶¶ 11, 13.

35. *See* Doc. 1, Pl.'s Orig. Compl., ¶ 14.

36. *Id.*

Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 13th day of July, 2012.