# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Larry Ranson,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0368** (Jackson County 76-C-62)

**Patricia Barr, and the West Virginia**
**Department of Health and Human**
**Resources, Bureau for Child Support**
**and Enforcement,**
**Respondents Below, Respondents**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Larry Ranson, by counsel Lee F. Benford, II, appeals the Circuit Court of Jackson County's March 8, 2016, order affirming the family court's order finding that petitioner was in arrearages of child support in the amount of $97,738.98. Respondent West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement, by counsel Dee-Ann Burdette, filed a response. Respondent Patricia Barr made no appearance. On appeal, petitioner alleges that the family court erred in failing to apply the applicable statute of limitations, which should have barred the decretal child support judgments and that earlier orders entered below are res judicata as to the decretal judgments entered against him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties to this action were married in August of 1967 and had three children.[1]  They were divorced by order entered in August of 1977. The divorce order required petitioner to pay child support in the amount of $115 per month per child beginning in June of 1977. By later order, petitioner's child support obligation was modified to $130 per month per child to continue until the children reached the age of eighteen.

In July of 1980, Ms. Barr filed a petition for rule to show cause that alleged petitioner was in arrears on his child support obligation. By order entered in September of 1980, petitioner was found to be in arrears as of June 9, 1980, for child support in the sum of $560 and for

---

[1]The parties' children have since reached the age of majority.

1

medical expenses.

Ms. Barr filed a second petition for rule to show cause in May of 1981 that alleged petitioner was in arrears as of April 20, 1981, on his child support and medical expense obligations in the amount of $3,541.81. In June of 1981, a writ of execution was entered against petitioner that ordered him to pay Ms. Barr $3,981.81 for past-due child support and medical expenses.

In 1990, Ms. Barr applied for services from respondent. In October of 2003, respondent filed a notice to withhold income for support and sought to garnish petitioner's wages for past-due child support. Thereafter, respondent filed a motion for decretal judgment in September of 2004 that alleged petitioner was in arrears for child support in the amount of $33,887.85 plus interest in the amount of $58,603.98. In October of 2004, petitioner filed a notice of bona fide defense to respondent's motion. Petitioner thereafter filed no additional answer or responsive pleading. In April of 2005, the family court held a hearing on the motion for decretal judgment. Petitioner did not appear for this hearing. The family court entered an order granting the motion in May of 2005 in the principal amount of $33,887.85 and an interest amount of $58,603.98. Petitioner did not appeal this order. Thereafter, an abstract of judgment was recorded in the Jackson County Clerk's office in June of 2005. Through October of 2006, respondent issued three additional notices to withhold petitioner's income.

In October of 2014, respondent filed another motion for decretal judgment that alleged petitioner to be in arrears in the amount of $97,738.98 for child support and interest. The family court held a hearing in March of 2015, after which it entered an order in May of 2015 granting respondent's motion for child support arrears in the amount of $97,738.98, of which $78,526.18 was designated interest, for child support arrears from June 1, 1977, to August 31, 2014. Thereafter, petitioner filed a motion to reconsider in June of 2015, which the family court summarily denied by order entered in July of 2015.

In August of 2015, petitioner filed an appeal to the circuit court. The circuit court thereafter held a hearing in December of 2015, after which it affirmed the family court's ruling by order entered in March of 2016. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). On appeal, petitioner argues that the family court erred in failing to apply the applicable statute of limitations in order to bar the

decretal child support judgments entered below.[2] Specifically, petitioner alleges that the first decretal judgment in May of 2005 was erroneous because it was barred by the applicable statute of limitations because it was based on an order from 1977. He further argues that prior orders entered in this case indicating a lower amount of arrearages bar the later decretal child support judgments on the basis of res judicata. We do not agree.

As respondent argued below and argues on appeal, because petitioner did not raise the defense of the expiration of the statute of limitations during the earlier decretal judgment proceeding that resulted in the May of 2005 judgment or otherwise appeal the same, he is barred from raising it now in defense of respondent's 2014 motion for decretal judgment. As we have previously stated, "[i]ssues not raised on appeal or merely mentioned in passing are deemed waived." *See Tiernan v. Charleston Area Med. Ctr., Inc.*, 203 W.Va. 135, 140 n. 10, 506 S.E.2d 578, 583 n. 10 (1998). Moreover, "[*r*]*es judicata* or claim preclusion 'generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or the issues that could have been decided in the earlier action.'" *Beahm v. 7–Eleven, Inc.*, 223 W.Va. 269, 272–73, 672 S.E.2d 598, 601–02 (2008) (quoting, in part, *State v. Miller*, 194 W.Va. 3, 9, 459 S.E.2d 114, 120 (1995)). Therefore, petitioner may not now argue that West Virginia Code § 38-3-18 barred the entry of the decretal judgment in 2005.

Further, we find no merit to petitioner's argument that res judicata should limit his arrearages to $560 as set forth in a September of 1980 order. Essentially, petitioner is again attempting to relitigate the 2005 decretal judgment order by arguing that this prior order is conflicting and should control. However, much like his argument regarding the statute of limitations, we find that petitioner's failure to raise this issue in the 2005 action or otherwise appeal the same bars him from now raising this issue in regard to respondent's 2014 motion for decretal judgment. Accordingly, we conclude that the circuit court did not err in affirming the family court's May 26, 2015, order wherein the family court refused to revisit the May 18, 2005, judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 22, 2017

---

[2]The applicable statute of limitations is the ten-year statute governing the enforcement of judgments found at West Virginia Code § 38-3-18. In 2008, the Legislature amended West Virginia Code § 38-3-18 to add a specific subsection pertaining to child support orders. However, because the relevant judgment in this case was granted in May of 2005, the pre-2008 version of West Virginia Code § 38-3-18 governs.

3

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Menis E. Ketchum
Justice Elizabeth D. Walker


**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman