# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eric W. Miller,**
**Plaintiff below, Petitioner**

**vs.)  No. 18-0957**   (Lewis County 18-C-37)

**Terry D. Reed, et al.,**
**Defendants Below, Respondents**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eric W. Miller, pro se, appeals the October 2, 2018, order of the Circuit Court of Lewis County dismissing this action. Respondent Lewis County Commission, by counsel Kenneth L. Hopper, filed a response in support of the order. Respondent Terry D. Reed, in his capacity as executor of the Estate of Byron Wayne Miller, also filed a response in support of the dismissal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 26, 2016, Byron Wayne Miller died testate with four heirs: three daughters and a son. The son, Eric W. Miller, is the petitioner in this action. Tonya S. Moran, one of the decedent's daughters, was initially appointed as the administratrix of the estate of Byron Wayne Miller (hereinafter "Mr. Miller's estate"). Ms. Moran resigned as the Administratrix during the pendency of the estate proceeding.[1]

Thereafter, Terry D. Reed, an attorney licensed to practice law in West Virginia, was appointed as Administrator c.t.a., d.b.n.[2] of the Mr. Miller's estate by the Lewis County

---

[1] Per the record, petitioner was aware of, and was involved with, the estate proceeding. Initially, petitioner waived his right to qualify as the administrator of the estate. Thereafter, on March 4, 2017, petitioner signed a receipt acknowledging receipt of one-fourth of the tangible personal property "[a]s split between the heirs up to the date below."

[2] An administrator c.t.a., also known as *administrator cum testamento annexo* or administrator with the will annexed, is an administrator appointed to carry out the provisions of a

1

Commission and posted a bond in the sum of $485,000 upon his appointment. In connection with his duties as Administrator, Mr. Reed took various steps to probate the Estate including completion of an Appraisement and a Nonprobate Inventory of the Estate form. Thereafter, Mr. Reed executed an affidavit declaring that "[m]ore than sixty (60) days ha[d] elapsed since the filing of any notice required by Chapter 44, Section 2, Article 1 of the West Virginia Code, as amended"; that "[t]he time for filing claims against this estate ha[d] expired; and that "[a]ll claims have been paid." In the discharge of his duties, Mr. Reed also prepared a report of receipts and disbursements. Mr. Miller's estate was settled and closed on February 28, 2018.

On or about May 24, 2018, petitioner filed a complaint in the Circuit Court of Lewis County raising various issues related to the handling of the estate.[3] In response to the complaint, respondents filed motions to dismiss. On or about August 20, 2018, the circuit court held a hearing on the pending motions[4] and entered an order on August 27, 2018, finding that petitioner's claims were barred by the legal doctrine of res judicata.[5] Petitioner filed a "Request for Reversal of Judgment or New Trial" on or about September 6, 2018. Thereafter, the circuit court entered an October 2, 2018, "Order Denying Plaintiff's Request for Reversal of Judgment or New Trial." It is from this order that petitioner appeals.

On appeal, petitioner maintains that the circuit court improperly dismissed this action based upon the legal doctrine of res judicata. This Court has established that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W. Va. 770, 461 S.E.2d 516 (1995).

---

will under the following circumstances: where there is no person named as executor in the will; where the executor refuses or is incompetent to act; or where the executor died before performing their duties. *See Black's Law Dictionary* 54 (10th ed. 2014). Mr. Reed was also designated as an *administrator de bonis non*, or administrator d.b.n., as he was appointed after Ms. Moran did not fully administer the decedent's estate.

[3] Petitioner's complaint did not include a style, but "request[ed] a trial on the following matters concerning [t]he Lewis County Commission, [t]he [o]ffice of Cynthia S[.] Rowan Lewis County Clerk and Terry D. Reed the executor of the Byron Miller Estate settled in Lewis County[,] West Virginia." In his complaint, petitioner alleged that Terry D. Reed failed to appropriately discharge his duties as the executor. Petitioner also alleged various actions and omissions of the Lewis County Clerk and the Lewis County Commission related to the administration of the Estate.

[4] Terry D. Reed filed two separate motions to dismiss. The Lewis County Commission filed its Motion to Dismiss/Motion for Summary Judgment arguing for dismissal on multiple grounds, including res judicata and immunity pursuant to the West Virginia Governmental Tort Claims and Insurance Reform Act.

[5] On the following day, petitioner submitted a "Request for the Judge to Recuse and Dismiss any Rulings." This Court determined that the evidence was insufficient to warrant a disqualification and entered an administrative order denying the request.

Petitioner argues that the circuit court improperly found that this matter is precluded by the doctrine of res judicata. Applying a de novo review of the record on appeal, we disagree. This Court has previously held that a civil action can be precluded based upon the legal doctrine of res judicata where three elements are satisfied.

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 3, in part, *Beahm v. 7-Eleven, Inc.*, 223 W. Va. 269, 672 S.E.2d 598 (2008).

Here, the circuit court properly determined that the first element of res judicata was satisfied as there was an adjudication on the merits in the prior action. Pursuant to West Virginia Code § 44-12-1, the Lewis County Commission and the Lewis County Clerk had jurisdiction over the Estate of Byron Wayne Miller. This statutory authority has previously been recognized by this Court. *See McClure v. McClure,* 184 W. Va. 649, 403 S.E.2d 197 (1991). Exercising the jurisdiction afforded to it, the Lewis County Commission finalized the Estate of Byron Wayne Miller. Accordingly, there was an adjudication on the merits in the estate proceeding, and thus, the first element of res judicata is satisfied.

The second element of the doctrine of res judicata is also satisfied. The court in *Beahm* found that in order for res judicata to apply the two actions must involve either the same parties or persons in privity with those parties. In this civil action, Mr. Miller named three defendants: Terry D. Reed, the Lewis County Commission, and the Lewis County Clerk. Here, there is no dispute that petitioner was involved in the estate proceedings as a beneficiary. Additionally, Mr. Reed was appointed as the administrator of the Estate in the underlying matter. Moreover, the underlying estate proceedings involved the Lewis County Clerk, as the clerk is tasked with all probate matters pursuant to West Virginia Code § 44-12-1 and West Virginia Code § 7-1-3. Inasmuch as the Lewis County Clerk's Office is an arm of the Lewis County Commission and these two entities are in privity, they share many of the same legal rights. Thus, the circuit court did not err in determining that the second element of res judicata was satisfied where the parties of the underlying estate proceeding are the same parties or are parties in prvity with the parties involved in this action.

Finally, this Court has held that res judicata requires a finding that the cause of action identified for resolution in the subsequent proceeding is either identical to the cause of action determined in the prior action, or such that it could have been resolved, had it been presented, in the prior action. *See Beahm*, 223 W. Va. at 270, 672 S.E.2d at 599. The allegations raised by petitioner in the circuit court proceeding are those very claims that were either raised, or could have been raised, in the underlying estate matter.[6] Accordingly, the circuit court did not err in finding that the third element of res judicata was satisfied.

---

[6] Petitioner claims that he properly filed an objection in the underlying estate proceeding. As is demonstrated by the record, Mr. Reed filed the report of receipts and disbursements, as well

Having found that the circuit court did not err in finding the elements of res judicata,[7] we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

as the appraisement of Mr. Miller's Estate on December 28, 2017. All heirs had ten days to file any objections to the report, request a hearing and present evidence and/or witness testimony. *See* W. Va. Code § 44-2-1. Petitioner alleges that "I submitted [an] objection, in person, by appearing in front of the Lewis County Clerk within [] the ten (10) day deadline, and again, in writing on February 7, 2018." Notably, there is no evidentiary support for the statement in the record that he appeared before the Lewis County Clerk and submitted an objection, nor does petitioner note the nature of any such "objection." As to petitioner's alleged written submission of February 7, 2018, this was untimely. Also, the record suggests that additional correspondence may have been sent by petitioner to a representative of the Lewis County Commission on February 28, 2018. This, too, was untimely. When presented with this issue upon plaintiff's request for reversal of judgment or new trial, the circuit court found that "even if Plaintiff made some objection in the underlying action, it is unclear whether or not Plaintiff followed the proper procedure to lodge that objection." Based upon the record, we agree.

[7] On appeal, petitioner asserts numerous assignments of error related to the handling of Mr. Miller's Estate, many of which do not amount to appealable issues. As best we can discern, petitioner appears to allege that he timely filed an objection to the underlying proceedings; that the Lewis County Commission did not maintain a legal estate; that Mr. Reed should not have been appointed as personal representative for Mr. Miller's Estate; that Mr. Reed did not pay all claims presented; and that the Lewis County Commission failed to establish if Mr. Reed's bond was maintained. Having found that the circuit court properly dismissed this action under the doctrine of res judicata, we need not address these additional assignments of error.

4